Patrick **BAKER**, Petitioner-Appellant,

v.

Carl **HOCKER**, Warden, Nevada, State Prison, Respondent-Appellee.

No. 72-2993.

United States Court of Appeals, Ninth Circuit.

May 6, 1974.

———◆———

Richard F. Ellers (argued), Nevada City, Cal., for petitioner-appellant.

Robert A. Groves, Deputy Atty. Gen. (argued), Robert List, Nev. Atty. Gen., Carson City, Nev., for respondent-appellee.

Before CHAMBERS and KOELSCH, Circuit Judges, and EAST,* District Judge.

## OPINION

KOELSCH, Circuit Judge:

Patrick Baker appeals from denial of his petition for writ of habeas corpus. 28 U.S.C. § 2254. We affirm.

Harold Craden's store was robbed by three men the evening of January 8, 1970. The store was well lit. Craden observed the men for some forty-five minutes before the robbery occurred, as they browsed in the store before committing the crime. Craden called the police immediately after the men fled. The police broadcast the description Craden gave them; and, in response, a short time later a police car tried to stop the car in which appellant and two other, men were riding. The car fled at high speed, but stopped when the police fired a warning shot. Merchandise taken from Craden's store and a gun were found in the car, and the three were arrested.

At a lineup conducted the next day, Craden identified the two men arrested with appellant as those who had robbed

* The Honorable William G. East, Senior United States District Judge for the District of Oregon, sitting by designation.

his store, but did not identify appellant, who was also in the lineup. However, first at the preliminary hearing, and later at trial, Craden positively identified appellant as one of the men who robbed him, and appellant was convicted.

Appellant now contends he was denied due process by the admission of Craden's trial identification, apparently on the theory that it was based on his previous identification at the preliminary hearing. The identification procedure used there, he asserts, was "so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification." Simmons v. United States, 390 U.S. 377, 384, 88 S.Ct. 967, 971, 19 L.Ed.2d 1247 (1968). The substance of appellant's complaint is that during the preliminary hearing he was seated at counsel table beside the two men Craden had previously identified, thereby suggesting to Craden that appellant was the third man who robbed the store.

■ Appellant's contention is untenable. As Neil v. Biggers, 409 U.S. 188, 93 S.Ct. 375, 34 L.Ed.2d 401 (1972), the Supreme Court's latest explication of Stovall v. Denno, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199 (1967), makes clear, a constitutionally invalid identification confrontation must be "unnecessarily suggestive," and, in addition, under the "totality of the circumstances" create a "very substantial likelihood of irreparable misidentification."

■ Appellant fails to clear even the first hurdle. Undoubtedly any in-court identification confrontation, whether at a preliminary hearing or at trial, whether the defendant is tried alone or with others, carries with it the stigma of the inevitable suggestion that the state thinks the defendant has committed the crime. Perhaps in appellant's case the suggestion was compounded by the presence of the two previously identified men. But more than suggestion is required for a due process violation—the procedure must create "unnecessary" or "impermissible" suggestion. As in Stovall, the necessity and constitutional propriety of a suggestive confrontation must be judged in light of the state's interest in the procedure as well as by the danger it poses to a defendant. Here the state has a substantial interest in the joinder of related criminal proceedings. Appellant's contention, if accepted, would make suspect joint proceedings in all situations where each defendant has not previously been identified. The danger posed by a courtroom identification is insufficient to require such a result. The risk of a mistaken identification becoming irreparably "fixed" and not later to be shaken by cross-examination, which condemns suggestive confrontations in the police station, is far less present in the court proceeding because, as here, the identification can be immediately challenged by cross-examination. See United States v. Johnson, 461 F.2d 1165, 1169 n.9 (5th Cir. 1972). Cf. United States v. Wade, 388 U.S. 218, 229, 87 S.Ct. 1926, 18 L. Ed.2d 1149 (1967).

Moreover, "the totality of the circumstances" indicate that the identification procedure used created little likelihood of misidentification. The victim had an extensive opportunity to view the robber before and during the crime. He was certain of his identification at the confrontation, which occurred only three months after the crime. He made no other inconsistent identifications, his prior description of appellant was, while general, consistent with appellant's appearance, and he adequately explained his failure to identify appellant in the lineup. See Neil v. Biggers, supra, at 199.

The judgment is affirmed.