UNITED STATES of America, Plaintiff-Appellee,

v.

Abel Montoya SAMBRANO and Johnnie Rodriguez Padilla, Defendants-Appellants.

No. 74–1926.

United States Court of Appeals, Ninth Circuit.

Nov. 12, 1974.

Stephen H. Scott (argued), of Burton, Remender, Scott & Novak, Phoenix, Ariz., for defendant-appellant Padilla.

Edward C. Rapp (argued), of Tupper, Rapp, Salcito & Schlosser, Phoenix, Ariz., for defendant-appellant Sambrano.

Joseph Keilp, Asst. U. S. Atty. (argued), Phoenix, Ariz., for plaintiff-appellee.

Before MERRILL, BROWNING and INGRAHAM,* Circuit Judges.

## OPINION

INGRAHAM, Circuit Judge:

Appellants Abel Montoya Sambrano and Johnnie Rodriguez Padilla were convicted for the armed robbery of a federal credit union in violation of 18 U.S.C. §§ 2113(a) and (d). On appeal Sambrano argues that the trial court improperly refused to give a requested jury instruction regarding his identification as one of the perpretrators of the alleged crime, and that, since only Padilla had been identified prior to trial, the court abused its discretion in refusing to grant his motion for a trial separate from Padilla's. While Padilla joins in Sambrano's contention that the court improperly instructed the jury on the issue of identification, he also argues that the court erroneously denied his motion to suppress the in-court identification. Concluding that these contentions are without merit, we affirmed.

Just after noon on January 16, 1974, the Phoenix City Employees' Credit Union was robbed by two Mexican-American males. Only two tellers were present in the building during the robbery, Clemence Godin and Suzanne Mefford, and one credit union member, Elias

* Honorable Joe McDonald Ingraham, Senior United States Circuit Judge for the Fifth Circuit, sitting by designation.

Aragon, who came in after the robbery began.

Shortly after the robbery, Godin and Mefford were shown photographs of eight persons, one of which was Sambrano, but neither teller identified him as one of the perpetrators. The day after the robbery Godin and Mefford were again shown photographs, one of which was Padilla, but Padilla's photograph was darker and clearer than the other photographs in the group. While Godin was unable to identify Padilla at this photo display, Mefford singled him out as a person with which she was familiar, stating that he resembled the man who carried the weapon during the robbery.

In a lineup conducted two days after the robbery in which both Sambrano and Padilla were included, Mefford again singled out Padilla, but voluntarily expressed the opinion that her identification might be the result of viewing the photographs the previous day. While Godin also identified Padilla at the lineup, neither Godin nor Mefford identified Sambrano. Aragon was also present at the lineup, but was unable to identify either of the appellants.

Apparently, the first time Sambrano was identified as one of the robbers was at the pre-trial hearing on the motion to suppress when he was seated beside the previously identified robber, Padilla. At trial, both Godin and Mefford positively identified the appellants, but Aragon was still unable to identify either of them as the robbers.

We turn first to Padilla's contention that his in-court identification by witnesses Godin and Mefford should have been suppressed because it violated his right to due process. More specifically, Padilla argues that his initial identification at the photo display was a result of his photograph being darker and clearer than the other photographs, suggesting to the government's witnesses Godin and Mefford that he was the perpetrator of the crime. The improper photo identification, he says, carried over to his being identified in the lineup and ultimately to the in-court identification itself.

As recently pointed out by the Supreme Court, a mere suggestion that the accused committed the crime does not constitute a due process violation. Rather, in order to make out a constitutional violation, the suggestion must be so "unnecessary" or "impermissible" as to create a "substantial likelihood of irreparable misidentification" based on the "totality of the circumstances." Neil v. Biggers, 409 U.S. 188, 93 S.Ct. 375, 34 L.Ed.2d 401 (1972); Baker v. Hocker, 496 F.2d 615 (9th Cir. 1974).

Viewing all the facts and circumstances of this case, we do not believe that the suggestion, if any, was so great as to create a substantial likelihood of misidentification. The identifying witnesses had the opportunity to observe the robbers for approximately four minutes while the robbery was taking place. During the trial, they again had the opportunity to observe the appellants' appearance and mannerisms and, based on these subsequent observations, positively concluded that these two were the perpetrators of the robbery. Moreover, additional evidence was introduced at trial establishing that Padilla was one of the robbers. For example, testimony placed both Padilla and Sambrano in the getaway car just prior and immediately after the robbery of the credit union. While it is clear that a photo display may be so impermissibly suggestive so as to deny an accused his right to due process, appellant Padilla has failed to make out such a violation.

Next, both appellants argue that the trial court improperly refused to give their requested jury instruction on identification. Recognizing that the giving of instructions on identification is largely within the discretion of the trial judge, United States v. Amaral, 488 F.2d 1148, 1151 (9th Cir. 1973); United States v. Evans, 484 F.2d 1178, 1188 (2nd Cir.

1973),[1] appellants argue that when the only real issue at trial is the identity of the defendants as the perpetrators, more detailed instructions on identity should be given to insure that the jury's attention is focused clearly on that issue.

Appellants fail to appreciate, however, that in cases of this nature the predominant issue to be resolved at trial is usually whether the defendants are indeed the perpetrators of the robbery. Implicit in the general instructions normally given by the trial court is the question whether the accused defendants are in fact the guilty culprits. In addition to the instruction given on identification, the court fully apprised the jury that it was its duty to determine the credibility of witnesses, that the government had the burden of proving each defendant guilty beyond a reasonable doubt, and that the evidence was to be assessed against each defendant individually. The court's instructions, although not stated in the precise language requested by counsel, were fully adequate and made sure that the jury's attention was focused on the issue of the defendants' identity.

Finally, appellant Sambrano argues that the trial court erroneously denied his motion for severance. Since Padilla had been identified in the photo display and in the line-up, while he, Sambrano, was not identified until the identifying witnesses saw him sitting with Padilla at the pre-trial hearing, Sambrano contends that this association was so prejudicial as to warrant the trial court's granting his motion for a separate trial.

While it is true that there is some suggestion that Sambrano participated in the robbery merely because of his association with the previously identified Padilla at defense counsel's table, this suggestion does not make out such a prejudicial association as to require a separate trial. There is no evidence involved in this case that was admissible at the joint trial of appellants that would have been inadmissible if separate trials had been conducted. United States v. Gentile, 495 F.2d 626, 632–633 (5th Cir. 1974).

The appellants' convictions are affirmed.

---

1. Also, United States v. Trejo, 501 F.2d 138 (9th Cir. June 10, 1974).