UNITED STATES of America,
Plaintiff-Appellee,

v.

Floyd MASTERSON,
Defendant-Appellant.

No. 75–1502.

United States Court of Appeals,
Ninth Circuit.

Jan. 28, 1976.

Nicholas R. Allis, Deputy Federal Public Defender, Los Angeles, Cal., for defendant-appellant.

William D. Keller, U. S. Atty., Los Angeles, Cal., for plaintiff-appellee.

OPINION

Before MERRILL, CHOY and GOODWIN, Circuit Judges.

CHOY, Circuit Judge:

Floyd Masterson appeals from a conviction for bank robbery, in violation of 18 U.S.C. § 2113(a). We affirm.

Masterson was charged in a three-count indictment with the robbery of three banks, each count concerning a separate robbery. Trial was before a jury. At the close of the presentation of evidence, the court granted Masterson's motion for judgment of acquittal as to Count Two on the ground of insufficiency of evidence. The case then went to the jury, which found Masterson guilty as to Count One and not guilty as to Count Three.

Masterson contends that the trial court erred by refusing to: (1) grant the defense's motion to suppress evidence seized from Masterson's home at the time of his arrest; (2) give special jury instructions proposed by Masterson on eyewitness identification; and (3) permit Masterson's counsel to refer in his closing argument to surveillance photographs of the bank robbery charged in Count Two, which had already been dismissed.

*Suppression of Evidence*

■ Masterson was arrested at his home during the early morning hours of September 12, 1974. After announcing their presence and identities and requesting entry, police officers broke into the home to accomplish the arrest. Neither the arrest nor the entry was supported by a warrant. After he was found and arrested, Masterson requested some clothing in order to get dressed. Before permitting him to enter his bedroom and bedroom closet, police officers conducted a search of those areas for possible weapons. In plain view on the closet floor the officers saw a multi-colored shirt, denim jacket and pants, and a pair of shoes. These items resembled clothing worn by the offender or offenders in the various bank robberies, and they were seized. The only item relevant to the Count One robbery of which Masterson was convicted was the pair of shoes. Masterson moved to suppress the clothing seized, but the motion was denied by the trial court.

It is not disputed that the seizures were permissible if the officers were lawfully in the home to arrest Masterson. *Chimel v. California*, 395 U.S. 752, 762–63, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969); *Giacalone v. Lucas*, 445 F.2d 1238, 1244–47 (6th Cir. 1971). Masterson, however, alleges that the entry into his home was improper. He argues that law enforcement authorities are required to have a warrant for such a non-consent entry of private premises to arrest someone, unless there is "urgent need" or "exigent circumstances," and that there was no such justification here. *See United States v. Phillips*, 497 F.2d 1131, 1135 (9th Cir. 1974); *Dorman v. United States*, 140 U.S.App.D.C. 313, 435 F.2d 385, 388–96 (1970).

We need not consider that contention, however, since even if the entry was improper, the trial court's failure to exclude the evidence was harmless error. The evidence as to Count One, on which Masterson was convicted, included a positive identification by the branch assistant manager, a description by the victim teller that resembled, though did not exactly match, Masterson, identification of his fingerprint on the customer service counter where the robber stood and his palmprints at the victim teller's customer window, and a surveillance photograph of the robber. Of the clothing seized, only the shoes related to Count One: the Government claimed that they matched those shown in the photo. The jury acquitted Masterson on Count Three, the charge to which the clothing primarily related. The surveillance photo from that robbery showed the offender to be wearing a distinctively flowered shirt, a blue denim pants-and-jacket outfit, and patent leather shoes. The clothing seized matched this, and it was introduced, but the acquittal resulted anyway. We thus conclude that any error was harmless beyond a reasonable doubt. *Chapman v. California*, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967).

### Jury Instructions

 Masterson requested that the court instruct the jury regarding eyewitness identification. A particular charge was offered, but defense counsel indicated that he would have been satisfied with any instruction that "eye-witness testimony is a peculiarly dangerous type of testimony." The trial court declined to single out eyewitness testimony and present such instructions, though the jury was charged to "consider the witness' ability to observe the matters as to which he has testified and whether he impresses you as having an accurate recollection of these matters."

Masterson cites for support—and drew the proposed instruction from—*United States v. Holley,* 502 F.2d 273 (4th Cir. 1974), which in turn took the instruction from *United States v. Telfaire,* 152 U.S. App.D.C. 146, 469 F.2d 552 (1972). In both *Holley* and *Telfaire* a single eyewitness was the only incriminating evidence against the defendant.

We note that the proof against Masterson on Count One included corroborating evidence: the surveillance photograph of the bank robbery and fingerprint and palmprint identification. The *Holley* holding was not explicitly limited to the situation where there was no evidence other than the eyewitness identification, but the need for such cautionary instructions clearly diminishes as corroborating evidence is added.

Moreover, this Court has elected not to follow the path taken by the Fourth and D.C. Circuits. The giving of a jury instruction on identification is largely within the discretion of the trial judge. *United States v. Sambrano,* 505 F.2d 284, 286 (9th Cir. 1974). In recent cases this Court has held that refusal to give detailed instructions as to eyewitness identification is not error. *Id.; see United States v. Amaral,* 488 F.2d 1148 (9th Cir. 1973), in which the Court held that the failure to give such cautionary instructions, where the defense counsel at trial had not requested them, was not plain error; similarly *United States v. Trejo,* 501 F.2d 138, 140 (9th Cir. 1974); and *United States v. Evans,* 484 F.2d 1178 (2d Cir. 1973), cited with approval in *Amaral,* 488 F.2d at 1151.

The instructions given by the trial court were not erroneous or an abuse of discretion.

### Closing Argument

 During the Government's presentation of evidence, surveillance photographs of the Count Two robbery were admitted. Before the case went to the jury, Masterson's motion for acquittal on Count Two was granted on the ground of insufficient evidence. Nonetheless, defense counsel notified the court that he wanted to use the photos in his closing argument to suggest, first, that the Government had been careless in indicting Masterson since the person shown in the photos did not closely resemble Masterson or the robbers in pictures from the robberies cited in Counts One and Three, and, second, that Masterson resembled the pictured robbers only to the extent of being a young, black man with a scar. The trial court refused to allow the use of the photos and prohibited the defense counsel from arguing "anything to do with Count Two."

The trial court has broad discretion in controlling the scope of closing argument. *United States v. Pruitt,* 487 F.2d 1241 (8th Cir. 1973); *United States v. Sawyer,* 143 U.S.App.D.C. 297, 443 F.2d 712 (1971). The trial court's action here does not appear to represent abuse of its discretion. The defense counsel's proposed arguments were of dubious relevance to Counts One and Three and were possibly prejudicial in attempting to discredit the Government and the grand jury. The fact that the court ordered Masterson acquitted on Count Two could not be cited directly to contend that he was therefore innocent of the other counts, and the proposed use of the pictures would have done little more than implicitly present that claim. Whether Masterson was or was not the robber in the Count Two photograph was irrelevant to his guilt in the other robberies or the identification of him in the other pictures, so the exclusion of that argument was not error.

Affirmed.