967 F.2d 595
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jose De Jesus RUIZ-GRANILLO, Defendant-Appellant.
 No. 91-50609.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted June 5, 1992.
Decided June 18, 1992.
 
 Before WALLACE, Chief Judge, and BRUNETTI and FERNANDEZ, Circuit Judges.
 
 MEMORANDUM
 
 1
 Ruiz-Granillo appeals his conviction on charges of importing marijuana and of possessing marijuana with intent to distribute. The district court had jurisdiction pursuant to 18 U.S.C. § 3231. We have jurisdiction over this timely appeal pursuant to 28 U.S.C. § 1291. We affirm.
 
 
 2
 Ruiz-Granillo first argues that the district judge abused his discretion in excluding the proposed expert testimony on eyewitness identification. Ruiz-Granillo failed to make an offer of proof outlining the proposed testimony. Ruiz-Granillo asserts that "the defendant was not even allowed to make an offer of proof." The record, however, is to the contrary. After the district court granted his request to make a record, Ruiz-Granillo failed to do so. Therefore, the issue was waived. Fed.R.Evid. 103(a)(2); United States v. Perkins, 937 F.2d 1397, 1404 (9th Cir.1991); United States v. Clark, 918 F.2d 843, 847 (9th Cir.1990).
 
 
 3
 Even if Ruiz-Granillo had made the required offer of proof, the district court is not obligated to admit such testimony. "On review, we reverse only if the district court abused its wide discretion or committed manifest error in excluding expert testimony." United States v. Christophe, 833 F.2d 1296, 1299 (9th Cir.1987).
 
 
 4
 Four criteria must be met before expert testimony is admitted. First, the proposed expert witness must be qualified. Second, the subject must be one which is not within the knowledge of jurors. Third, the testimony must conform to a generally accepted theory. Fourth, the probative value of the testimony must outweigh its prejudicial effect or confusing or misleading impact. United States v. Amaral, 488 F.2d 1148, 1153 (9th Cir.1973). Here, the district judge excluded the expert testimony because he believed that it was "not a proper subject" for jury consideration.
 
 
 5
 We indicated approval of this viewpoint in Amaral. Juries are capable of understanding factors that may influence an eyewitness' perceptions. Where a particular reason to doubt the accuracy of the eyewitness' testimony exists it may be brought to the attention of the jury through cross-examination. The district court apparently believed that this traditional means of exploring the dangers of eyewitness identification was sufficient. The district court did not abuse its discretion in refusing to admit the expert testimony.
 
 
 6
 Ruiz-Granillo also argues that the district court erred in failing to give a jury instruction specifically discussing eyewitness identification. We review the district court's decision for an abuse of discretion. United States v. Field, 625 F.2d 862, 872 (9th Cir.1980) (Field ).
 
 
 7
 The instructions proposed at trial by Ruiz-Granillo were drawn from Telfaire v. United States, 469 F.2d 552 (D.C.Cir.1972), and United States v. Holley, 502 F.2d 273 (4th Cir.1974). The district court gave no reason for its refusal to give the Telfaire instruction. Instead, the district court gave its own instruction. Although this instruction did not specifically warn of the dangers of eyewitness identification, it did instruct the jury to weigh witness testimony carefully. Thus, it sufficiently informed the jury that it should consider the circumstances surrounding the INS agent's observation of the driver of the Subaru. We have previously upheld similar instructions when faced with an argument that we should follow the D.C.Circuit's path in Telfaire. See Field, 625 F.2d at 872; United States v. Collins, 559 F.2d 561, 566 (9th Cir.), cert. denied, 434 U.S. 907 (1977); United States v. Masterson, 529 F.2d 30, 32 (9th Cir.), cert. denied, 426 U.S. 908 (1976).
 
 
 8
 AFFIRMED.