29 F.3d 635
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES OF America, Plaintiff-Appellee,
v.
Garland James GUIDRY, Defendant-Appellant.
 No. 93-50482.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted April 4, 1994.
Decided June 16, 1994.
 
 Before: HUG, WIGGINS, and NOONAN, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Garland Guidry was convicted of armed bank robbery in violation of 18 U.S.C. Sec. 2113(a) & (d) and use of a firearm during the commission of a crime of violence in violation of 18 U.S.C. Sec. 924(c). He appeals his conviction, his sentence, and the order of restitution. We have jurisdiction under 28 U.S.C. Sec. 1291, and we affirm.
 
 I.
 
 3
 Guidry's first contention is that the district court erroneously allowed Teresa Alarcon to identify Guidry in court because her pretrial photograph identification of him was impermissibly suggestive and unreliable, thereby tainting her later in-court identification. We do not agree.
 
 
 4
 We review the constitutionality of pretrial identification procedures de novo. United States v. Bagley, 772 F.2d 482, 492 (9th Cir.1985), cert. denied, 475 U.S. 1023 (1986). We review the admission of in-court identification evidence for abuse of discretion. United States v. Gregory, 891 F.2d 732, 734 (9th Cir.1989).
 
 
 5
 We employ a two-step process to determine whether a pretrial identification procedure violated a defendant's due process rights. Initially, we determine whether the confrontation procedure was impermissibly suggestive. Simmons v. United States, 390 U.S. 377, 384 (1968). If we conclude that it was, we then determine "whether under the 'totality of the circumstances' the identification was reliable even though the confrontation procedure was suggestive." Neil v. Biggers, 409 U.S. 188, 199 (1972); United States v. Givens, 767 F.2d 574, 581 (9th Cir.), cert. denied, 474 U.S. 953 (1985).
 
 
 6
 Alarcon first saw the newspaper photograph on her own. Nine days later, she identified Guidry from a police photospread. The officers did not indicate that she had made the right choice; nor did they direct her to choose a particular individual from the photospread. After she identified Guidry from the police photospread, Alarcon informed the officers that she had previously seen his photograph in the paper. The officers showed her the newspaper photograph again to confirm her identification. This procedure was not impermissibly suggestive and did not violate Guidry's due process rights.
 
 
 7
 Because we conclude that this pretrial procedure was not impermissibly suggestive, we need not consider the reliability of the in-court identification. Givens, 767 F.2d at 581. Furthermore, Alarcon's identification of Guidry in court was of little consequence. Alarcon merely identified Guidry as the man she saw in her yard, where he was arrested. Her identification had little to do with whether he committed the bank robbery because Alarcon did not witness the robbery. We conclude that the district court did not err by allowing Alarcon to identify Guidry in court.
 
 II.
 
 8
 Guidry's second contention is that the district court erred by failing to give his requested eyewitness instruction. This argument lacks merit.
 
 
 9
 We review a district court's formulation of jury instructions for abuse of discretion. United States v. Johnson, 956 F.2d 197, 199 (9th Cir.1992). We have held that a court does not abuse its discretion when it refuses to give a specific eyewitness instruction. United States v. Masterson, 529 F.2d 30, 32 (9th Cir.), cert. denied, 426 U.S. 908 (1976). General instructions on the jury's duty to determine witness credibility and the burden of proof are fully adequate. See United States v. Miranda, 986 F.2d 1283, 1286 (9th Cir.), cert. denied, 113 S.Ct. 2393 (1993).
 
 
 10
 The district court properly instructed the jury on the credibility of witnesses. Accordingly, the court did not abuse its discretion by refusing to give Guidry's proposed instruction.
 
 III.
 
 11
 Guidry next contends that the district court engaged in impermissible double-counting when it enhanced his sentence pursuant to U.S.S.G. Sec. 2K2.4. We disagree.
 
 
 12
 We review the interpretation of the Sentencing Guidelines de novo. United States v. Blaize, 959 F.2d 850, 851 (9th Cir.), cert. denied, 112 S.Ct. 2954 (1992).
 
 
 13
 Guidry was convicted of two counts: count one for armed bank robbery in violation of 18 U.S.C. Sec. 2113(a) & (d), and count two for using a firearm during or in relation to a crime of violence in violation of 18 U.S.C. Sec. 924(c). Normally, when a defendant is convicted of violating section 924(c) and an underlying robbery offense, his sentence is adjusted by applying the guideline range for the underlying bank robbery only, without any specific offense enhancement for using a firearm. U.S.S.G. Sec. 2K2.4, comment. (n. 2). In Guidry's case, this would result in an offense level of 24. The adjusted guideline range for level 24 is then added to the mandatory 60 months for the count two violation of section 924(c). Thus, the total range would be 123 to 138 months.
 
 
 14
 Section 2K2.4 application note 2 further provides, however, that when a defendant's adjusted guideline range, including the mandatory 60 months, is lower than the unadjusted level which includes enhancement for a specific offense characteristic, then the higher guideline range is used. Guidry's unadjusted range is calculated by including seven levels for the specific offense characteristic of discharging a firearm, pursuant to U.S.S.G. Sec. 2B3.1(b)(2)(A), giving Guidry an offense level of 31 for count one. This results in an unadjusted guideline range of 135 to 168 months. Because Guidry's maximum adjusted guideline range (123 to 138 months) is less than the maximum unadjusted guideline range (135 to 168 months), the latter must be used. In this situation, to prevent double-counting, the mandatory 60 months for a section 924(c) violation is attributed to count two, and therefore, 60 months is subtracted from both ends of the unadjusted guideline range for count one, resulting in a new range of 75 to 108 months. U.S.S.G. Sec. 2K2.4 app. n. 2. From this range, the court sentenced Guidry to the low-end: 75 months for count one and 60 months for count two, for a total of 135 months.
 
 
 15
 In this case, section 2K2.4 application note 2 prevented the anomalous result of Guidry receiving a lighter sentence with a section 942(c) conviction than had he been convicted solely of the underlying bank robbery. See United States Sentencing Commission, App.C, Amendment 489 (1993). No improper double-counting occurred.
 
 IV.
 
 16
 Guidry also alleges that the district court improperly enhanced his offense level pursuant to U.S.S.G. Sec. 3C1.2 for reckless endangerment during flight.
 
 
 17
 A district court's determination of whether a defendant's conduct constituted reckless endangerment during flight is a factual finding that we review for clear error. See United States v. Luna, Nos. 93-10035, 93-10036, 93-10059, slip op. at ---- (9th Cir. April 5, 1994). The Government bears the burden of proving factors enhancing a sentence by a preponderance of the evidence. United States v. Restrepo, 946 F.2d 654, 661 (9th Cir.1991) (en banc), cert. denied, 112 S.Ct. 1564 (1992).
 
 
 18
 Section 3C1.2 provides for a two-level enhancement if a defendant creates a "substantial risk of death or serious bodily injury to another person in the course of fleeing from a law enforcement officer." U.S.S.G. Sec. 3C1.2. A defendant is responsible for his own conduct and also for conduct "that he aided or abetted, counseled, commanded, induced, procured, or willfully caused." U.S.S.G. Sec. 3C1.2, comment. (n. 5).
 
 
 19
 Guidry contends that the adjustment was improper because he was not the driver of the vehicle, but rather, he rode only as a passenger. The probation report stated that the high-speed chase was reasonably foreseeable to all participants, and in furtherance of the criminal act. Therefore, it recommended enhancement for each defendant involved, including Guidry because he was a willing participant in the chase. After Guidry objected to the enhancement at sentencing, the court stated that "I cannot bring myself to say that he is not chargeable with the high-speed chase...."
 
 
 20
 We remand to the district court to make specific findings supporting the enhancement in accordance with our recent decision in United States v. Young, Nos. 93-50186, 93-50229 (9th Cir. ____, 1994). Without the requisite findings, we cannot adequately determine whether the district court committed clear error in applying the enhancement to Guidry's conduct.
 
 V.
 
 21
 Guidry's final contention is that the court erred by ordering him to pay $510.00 in restitution. We do not agree.
 
 
 22
 Guidry did not object to the order of restitution at the district court level; therefore, we review only for plain error. United States v. Carvajal, 905 F.2d 1292, 1296 (9th Cir.1990). "Plain error is a highly prejudicial error affecting substantial rights." Id.
 
 
 23
 Under the Victim and Witness Protection Act, 18 U.S.C. Sec. 3663-64, a district court may order a defendant to make restitution to a victim of his crime. Section 3664 sets forth the factors to consider when ordering restitution. The statute reads in part:
 
 
 24
 The court ... shall consider the amount of the loss sustained by any victim as a result of the offense, the financial resources of the defendant, the financial needs and earning ability of the defendant and the defendant's dependents, and such other factors as the court deems appropriate.
 
 
 25
 18 U.S.C. Sec. 3664(a) (Supp.1994). Guidry contends that the district court erred because it did not adequately consider his financial condition.
 
 
 26
 We interpret section 3664 to require only that the district court consider the listed factors; it is not necessary for the court to make express findings of fact. United States v. Mills, 991 F.2d 609, 611 (9th Cir.1993); United States v. Cannizzaro, 871 F.2d 809, 810-11 (9th Cir.), cert. denied, 493 U.S. 895 (1989). However, the record must reflect that "the district judge had at his disposal information bearing on the considerations enumerated in section 3664." Cannizzaro, 871 F.2d at 811 (court made specific reference to defendant's presentence report which discussed defendant's financial condition).
 
 
 27
 We conclude that the district court had at its disposal access to Guidry's financial condition. The probation report contained a section on Guidry's financial status, reflecting no assets and setting forth his liabilities. It also set forth his education and employment background. Based on the information within it, the report recommended that Guidry pay partial restitution. The court's statement that Guidry may never be able to pay the restitution order alone is not sufficient for us to conclude that the district court committed plain error in ordering him to pay $510.00.
 
 VI.
 
 28
 We conclude that the district court did not violate Guidry's due process rights by allowing Alarcon to identify him in court. We also conclude that the court did not err by not giving Guidry's proposed eyewitness instruction. Additionally, the court properly applied U.S.S.G. Sec. 2K2.4 in determining Guidry's sentencing guideline range, and it properly ordered him to pay $510.00 in restitution. We remand to the district court, however, to make specific findings supporting the U.S.S.G. Sec. 3C1.2 enhancement for reckless endangerment during flight.
 
 
 29
 AFFIRMED in part; SENTENCE VACATED and REMANDED for RESENTENCING.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3