95 F.3d 1160
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Anthony Victor SIMAS, Defendant-Appellant.
 No. 95-10221.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 13, 1996.*
Decided Aug. 27, 1996.
 
 Before: BOOCHEVER, JOHN T. NOONAN, Jr., and THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 On March 17, 1994, the Government charged Anthony Simas ("Simas") with two counts of armed bank robbery in violation of 18 U.S.C. § 2113(a) and (d). A jury found Simas guilty on the count relating to the robbery of First Interstate Bank on June 19, 1992.
 
 
 3
 Simas appeals the conviction. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 1. The Pretrial Encounter
 
 4
 Simas argues that his pretrial encounter with one witness during a preliminary hearing in state court was so impermissibly suggestive that it tainted the witness' subsequent identification testimony and thereby denied Simas due process of law. Because Simas did not object to the identification testimony at trial, "review of the propriety of admitting the identifications is limited to determining if plain error was committed." Government of Canal Zone v. Waldron, 574 F.2d 283, 285 (9th Cir.1978). For Simas to prevail under this standard of review, (1) there must be an error, (2) the error must be "plain" or obvious, and (3) the error must affect substantial rights, which in most cases means that the defendant must prove that the error affected the outcome of the district court proceedings. United States v. Olano, 507 U.S. 725, 732-35 (1993).
 
 
 5
 To determine whether the pretrial identification procedure was defective, we conduct a two-step inquiry. United States v. Givens, 767 F.2d 574, 581 (9th Cir.), cert. denied, 474 U.S. 953 (1985). First, we "determine whether the procedure was 'so impermissibly suggestive as to give rise to a substantial likelihood of irreparable misidentification.' " Id. (quoting Simmons v. United States, 390 U.S. 377, 384 (1968)). Second, if the identification procedure was impermissibly suggestive, we "decide whether it was nonetheless reliable." Id. (quotations and citation omitted).
 
 
 6
 Simas fails to clear the first hurdle. Although it is true that the bank teller who identified Simas at trial had the opportunity to see him seated with defense counsel during a preliminary hearing in state court, this Court has "held that the suggestive character of courtroom logistics [i]s not unnecessarily suggestive." Johnson v. Sublett, 63 F.3d 926, 929 (9th Cir.) (emphasis in original) cert. denied, 116 S.Ct. 582 (1995). See Baker v. Hocker, 496 F.2d 615, 617 (9th Cir.1974). Consequently, the encounter during the pretrial hearing was not impermissibly suggestive and therefore it did not give rise to a substantial likelihood of irreparable misidentification. See Johnson, 63 F.3d at 929. See also United States v. Domina, 784 F.2d 1361, 1370 (9th Cir.1986) (noting that accidental viewing of defendant as he exited the courtroom was not impermissibly suggestive and thus did not taint later in-court identification), cert. denied, 479 U.S. 1038 (1987); United States v. Field, 625 F.2d 862, 869 n. 3 (9th Cir.1980) (noting that the incidental view of a defendant "handcuffed and awaiting trial is not sufficient, in itself, to impugn the reliability of a witness' testimony"). Besides, "any possible prejudice the defendant may suffer from unreliable identification is mitigated by cross-examination and other courtroom safeguards." Johnson, 63 F.3d at 929.
 
 
 7
 Even if we were to find that the pretrial encounter during the preliminary hearing in state court was impermissibly suggestive, we would still find that the error was not plain error. In addition to the teller who had the pretrial encounter with Simas, three other credible eyewitnesses identified Simas as one of the individuals who robbed First Interstate Bank. Therefore, Simas cannot establish prejudice. Cf. Domina, 784 F.2d at 1372 (noting that there would have been a serious question concerning the sufficiency of the evidence where the court admitted identification testimony following a suggestive encounter if the only other evidence tying the defendant to the robbery had been the testimony of one eyewitness); Thigpen v. Cory, 804 F.2d 893, 898 (6th Cir.1986) (citing case where impermissible identification was held harmless when five other eyewitnesses testified), cert. denied, 482 U.S. 918 (1987). Consequently, admission of the bank teller's identification testimony was not plain error.
 
 2. Sufficiency of the Evidence
 
 8
 Simas argues that the evidence to support the conviction was insufficient. Specifically, he challenges the sufficiency of the evidence supporting his identification as the person who committed the charged crime. When a defendant challenges the sufficiency of the evidence, "[t]he conviction will be upheld if after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." United States v. James, 998 F.2d 74, 81 (9th Cir.1993) (quotations and citation omitted), cert. denied, 510 U.S. 958 (1993). "Identification of the defendant as the person who committed the charged crime is always an essential element which the government must establish beyond a reasonable doubt." United States v. Alexander, 48 F.3d 1477, 1490 (9th Cir.), cert. denied, 116 S.Ct. 210 (1995).
 
 
 9
 We find this challenge to the sufficiency of the evidence to be unconvincing. As noted above, at least three eyewitnesses identified Simas as one of the individuals who robbed First Interstate Bank. Simas did not object to any of this identification testimony at trial. Consequently, the jury could have concluded that Simas was the person who committed the charged crime. See Alexander, 48 F.3d at 1490.
 
 The conviction is AFFIRMED.[1]
 
 
 *
 The panel unanimously finds this case suitable for submission without oral argument pursuant to Fed.R.App.P. 34(a) and 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 In his reply brief, Simas argued that he was denied effective assistance of counsel because his trial counsel failed to move to suppress pretrial photo identifications. This argument was not raised in Simas' opening brief. "Absent unusual circumstances, we decline to address arguments not raised in the appellant's opening brief." United States v. Price, 951 F.2d 1028, 1033 (9th Cir.1991)