NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | | |
|---|---|---|
| ROBERT STRICKLAND, Jr., | ) | No. 08-56590 |
| | ) | |
| Petitioner – Appellant, | ) | D.C. No. 5:00-cv-00246-VAP-CW |
| | ) | |
| v. | ) | **MEMORANDUM**[*] |
| | ) | |
| LARRY SMALL, Warden, | ) | |
| | ) | |
| Respondent – Appellee. | ) | |
| | ) | |
| ———————————— | ) | |

Appeal from the United States District Court
for the Central District of California
Virginia A. Phillips, District Judge, Presiding

Submitted July 11, 2011[**]
Pasadena, California

Before:     FERNANDEZ, RYMER, and TALLMAN, Circuit Judges.

Robert Strickland, Jr., appeals the district court's denial of his petition for a

writ of habeas corpus.  28 U.S.C. § 2254.  We affirm.

_____

[*]This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. Rule 36-3.

[**]The panel unanimously finds this case suitable for decision without oral argument.  Fed. R. App. P. 34(a)(2).

In order to prevail, Strickland must meet the standards set forth in 28 U.S.C. § 2254(d), which, in effect, direct us to be highly deferential and to give state court decisions the benefit of the doubt. See Woodford v. Visciotti, 537 U.S. 19, 24, 123 S. Ct. 357, 360, 154 L. Ed. 2d 279 (2002) (per curiam). Where, as here, the claim is that the state courts unreasonably applied clearly established Supreme Court law,[1] a petitioner must show that there was no reasonable basis for the state courts' decision;[2] Strickland "has failed to meet that high threshold."[3]

(1) Strickland asserts that his due process rights were violated because the presence of his victims at his preliminary hearing resulted in an impermissible identification procedure, which irreparably caused his misidentification at trial. We disagree. Although the witnesses did have an opportunity to see him at the preliminary hearing, that was not unnecessary or impermissible,[4] and cannot be

---

[1]To the extent that Strickland also alludes to the possibility of improper fact-finding by the state courts, he has not developed that issue on appeal and has, therefore, waived it. See Smith v. Marsh, 194 F.3d 1045, 1052 (9th Cir. 1999).

[2]Cullen v. Pinholster, __ U.S. __, __, 131 S. Ct. 1388, 1402, 179 L. Ed. 2d 557 (2011); see also Lockyer v. Andrade, 538 U.S. 63, 76, 123 S. Ct. 1166, 1175, 155 L. Ed. 2d 144 (2003).

[3]Pinholster, __ U.S. at __, 131 S. Ct. at 1403.

[4]See Johnson v. Sublett, 63 F.3d 926, 929 (9th Cir. 1995); Baker v. Hocker, 496 F.2d 615, 617 (9th Cir. 1974); see also Simmons v. United States, 390 U.S. 377, 384, 88 S. Ct. 967, 971, 19 L. Ed. 2d 1247 (1968).

2

said to have resulted in a "very substantial likelihood of irreparable misidentification."[5]

(2)     Strickland also claims that his counsel on direct appeal was constitutionally ineffective because he did not properly raise the above identification issue.  Suffice it to say that even if counsel was ineffective, Strickland was not prejudiced because the identification issue itself is meritless.  See Pinholster, __ U.S. at __, 131 S. Ct. at 1403; Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064, 80 L. Ed. 2d 674 (1984).

(3)     The state courts' exclusion of testimony that one witness, who did not give identification testimony, had made an earlier misidentification was not a violation of Strickland's due process rights.[6]  See Estelle v. McGuire, 502 U.S. 62, 67–68, 112 S. Ct. 475, 479–80, 116 L. Ed. 2d 385 (1991); Dowling v. United States, 493 U.S. 342, 352, 110 S. Ct. 668, 674, 107 L. Ed. 2d 708 (1990); Butcher v. Marquez, 758 F.2d 373, 378 (9th Cir. 1985); see also Clark v. Arizona, 548 U.S.

---

[5]See Van Pilon v. Reed, 799 F.2d 1332, 1338 (9th Cir. 1986); see also Manson v. Brathwaite, 432 U.S. 98, 114, 97 S. Ct. 2243, 2253, 53 L. Ed. 2d 140 (1977).

[6]Strickland argues on appeal for the first time that he should have been able to expand the record in the district court with a transcript of his preliminary hearing.  He raises the issue too late.  See Manta v. Chertoff, 518 F.3d 1134, 1144 (9th Cir. 2008); Crawford v. Lungren, 96 F.3d 380, 389 n.6 (9th Cir. 1996).

735, 770, 126 S. Ct. 2709, 2731–32, 165 L. Ed. 2d 842 (2006).

AFFIRMED.