

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 17-50330 |
| Plaintiff-Appellee, | D.C. No. 3:16-cr-00730-H-1<br>Southern District of California,<br>San Diego |
| v. | |
| MARTEL VALENCIA-CORTEZ, | ORDER |
| Defendant-Appellant. | |

Before: PAEZ, PARKER,* and CLIFTON, Circuit Judges.

The memorandum filed in this case on December 10, 2018 is amended by

inserting the following paragraph on page 5, after line 10:

> Similarly, the District Court did not commit plain error in failing to
> define "serious bodily injury." The District Court was only required
> to include the core defense theories and the critical elements of the
> charged crimes in its instructions, *see United States v. Vazquez-*
> *Hernandez*, 849 F.3d 1219, 1225 (9th Cir. 2017) (finding error where
> district court omitted essential element of attempted illegal reentry),
> and the question of whether there was "serious bodily injury" is
> typically a "question of fact for the jury." *Rocha*, 598 F.3d at 1152.
> Valencia-Cortez does not cite any authority requiring the term to be
> defined and the District Court was required to define only those terms
> that do not fall "within the comprehension of an average juror."
> *United States v. Dixon*, 201 F.3d 1223, 1231 (9th Cir. 2000).
> "Whether a term in a jury instruction requires definition normally
> turns on whether it expresses a concept within the jury's ordinary
> experience." *United States v. Tirouda*, 394 F.3d 683, 688 (9th Cir.
> 2005). We are not convinced an average juror would not comprehend

---

\* The Honorable Barrington D. Parker, Jr., United States Circuit Judge
for the U.S. Court of Appeals for the Second Circuit, sitting by designation.

what "serious bodily injury" means or attach to it a definition meaningfully different than what Valencia-Cortez proposes.

The amended memorandum is filed concurrently with this order.

With the filing of the amended memorandum, the panel has unanimously voted to deny the appellant's petition for panel rehearing. The petition for rehearing en banc was circulated to the full court and no judge requested a vote for en banc consideration. *See* Fed. R. App. P. 35(f). The petition for rehearing and the petition for rehearing en banc are denied.

No further petitions for rehearing may be filed.

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff-Appellee, v. MARTEL VALENCIA-CORTEZ, Defendant-Appellant. | No.   17-50330 D.C. No. 3:16–cr–00730–H AMENDED MEMORANDUM[*] |

Appeal from the United States District Court
for the Southern District of California
Marilyn L. Huff, District Judge, Presiding

Argued November 14, 2018
Pasadena, California

Before:  PAEZ, PARKER, [**] and CLIFTON, Circuit Judges.

Martel Valencia-Cortez ("Valencia") appeals his judgment of conviction for

assault on a federal officer with a deadly weapon and bringing noncitizens into the

United States for financial gain.  *See* 18 U.S.C. § 111; 8 U.S.C. § 1324(a)(2)(B)(ii).

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable Barrington D. Parker, United States Circuit Judge for the United States Court of Appeals for the Second Circuit, sitting by designation.

<u>Eyewitness Identification Instruction</u>

The District Court denied Valencia's request for a Ninth Circuit pattern eyewitness identification instruction (the "Model Eyewitness Instruction") and, in doing so, did not abuse its discretion. In its final jury instructions, the District Court discussed Valencia's identification defense and provided a general witness credibility instruction. Further, the District Court permitted Valencia to elicit comprehensive expert testimony on, among other things, eyewitness memory, memory for the details of events, the ability to pick faces, and suggestibility. Counsel for Valencia extensively argued the identification defense to the jury based on this testimony. The jury was thus alerted to potential weaknesses in the Government's eyewitness identification evidence. Accordingly, we see no abuse of discretion in the District Court's refusal to give the Model Eyewitness Instruction.

While we see no abuse of discretion, we are troubled by the comment to the Model Eyewitness Instruction that recommends "against the giving of an eyewitness identification instruction." Manual of Model Criminal Jury Instructions for the District Courts of the Ninth Circuit § 4.11 cmt. (2010) [hereinafter MMCJI]. There is now a robust body of scientific research and evidence that highlights the unique perils of eyewitness identification testimony as "one of the greatest causes of erroneous convictions." *Dennis v. Sec'y, Pa. Dep't of Corr.*, 834 F.3d 263, 313–45

(3d Cir. 2016).

The Supreme Court has acknowledged the fallibility of eyewitness testimony and characterized eyewitness instructions as due process safeguards that "warn the jury to take care in appraising identification evidence." *Perry v. New Hampshire*, 565 U.S. 228, 246 (2012); *see also id*. at 246 n.7 (citing the Ninth Circuit Model Eyewitness Instruction). Other Circuits have also encouraged the giving of such instructions, recognizing the inherent dangers of this type of evidence. *United States v. Hodges*, 515 F.2d 650, 653 (7th Cir. 1975); *United States v. Holley*, 502 F.2d 273, 277 (4th Cir. 1974); *United States v. Telfaire*, 469 F.2d 552, 556–57 (D.C. Cir. 1972). Further, we have previously suggested that the need for heightened jury instructions should correlate with the amount of corroborating evidence. *See United States v. Masterson*, 529 F.2d 30, 32 (9th Cir. 1976) (noting that "[i]n both *Holley* and *Telfaire* a single eyewitness was the only incriminating evidence against the defendant"). Without disagreeing that courts are given discretion in fashioning jury instructions, we encourage the Jury Instructions Committee to reassess their comment as it is inconsistent with legal precedent and growing scientific evidence.

For similar reasons, we are also troubled by the following language in the comment to the Model Eyewitness Instruction:

> The Ninth Circuit has approved the giving of a comprehensive eyewitness jury instruction where the district court has determined that proffered expert witness testimony regarding eyewitness identification should be excluded.

3

MMCJI § 4.11 cmt. This comment seems to suggest that a district court may either give the Model Eyewitness Instruction or allow expert witness testimony, but not both. Again, because of the particularly unreliable nature of eyewitness identification evidence, we encourage the Jury Instructions Committee to make clear that it is within a court's sound discretion to provide both safeguards if the facts and circumstances of the case so require.

## Valencia's Arrest in Mexico

The District Court denied Valencia an evidentiary hearing and excluded evidence at trial concerning the circumstances of his arrest in Mexico by Mexican authorities and his transportation to the San Ysidro Port of Entry. The District Court reasoned that evidence related to Valencia's arrest could be remote and confusing for a jury because of the length of time between the assault charge in the indictment and Valencia's arrest. The District Court also determined that no direct connection existed between the arrest and the charges in the indictment, limiting the overall relevance of evidence related to the arrest. Considering this reasoning, the District Court acted within in its discretion in excluding evidence of the arrest.

## Deadly or Dangerous Weapon Enhancement

The District Court instructed the jury that a rock is a deadly or dangerous weapon if it is used in a way that is *capable* of causing death or serious bodily injury. Valencia argued that an object can constitute a deadly or dangerous weapon only if

4

it is *likely* to cause death or serious bodily injury—a heightened standard of probability. Subjecting this contention to plain error review, we find none.

*United States v. Smith*, 561 F.3d 934, 939 (9th Cir. 2009) (en banc), is controlling precedent on dangerous weapon enhancements such as the one in this case. In the portion of our opinion in *Smith* discussing the legal standard, we said that "[a]n object is a dangerous weapon . . . if it is . . . used in a manner *likely* to endanger life or inflict great bodily harm." 561 F.3d at 939 (emphasis added). However, assuming that the District Court committed error, such an error would not be plain because the *Smith* decision itself uses the "capable" language at other points in the opinion.[1] *See id.* at 940.

Similarly, the District Court did not commit plain error in failing to define "serious bodily injury." The District Court was only required to include the core defense theories and the critical elements of the charged crimes in its instructions, *see United States v. Vazquez-Hernandez*, 849 F.3d 1219, 1225 (9th Cir. 2017)

---

[1] While the holding of *Smith* suggests that the correct instruction employs the term "likely," cases following *Smith* have been inconsistent, with some using "likely" and others "capable." *Compare United States v. Anchrum*, 590 F.3d 795, 802 (9th Cir. 2009), *with United States v. Rocha*, 598 F.3d 1144, 1154 (9th Cir. 2010). Moreover, the Ninth Circuit Manual of Model Criminal Jury Instructions still employs the "capable" language. *See* MMCJI § 8.4. Because of this confusion, any error is not "so clear-cut" or "so obvious" that the District Court could have avoided it without objection. *See United States v. Gonzalez-Aparicio*, 663 F.3d 419, 428 (9th Cir. 2011). The Court should address this confusion in a case where it would not be limited to plain error review, given the significant difference between "capable" and "likely."

(finding error where district court omitted essential element of attempted illegal reentry), and the question of whether there was "serious bodily injury" is typically a "question of fact for the jury." *Rocha*, 598 F.3d at 1152. Valencia-Cortez does not cite any authority requiring the term to be defined and the District Court was required to define only those terms that do not fall "within the comprehension of an average juror." *United States v. Dixon*, 201 F.3d 1223, 1231 (9th Cir. 2000). "Whether a term in a jury instruction requires definition normally turns on whether it expresses a concept within the jury's ordinary experience." *United States v. Tirouda*, 394 F.3d 683, 688 (9th Cir. 2005). We are not convinced an average juror would not comprehend what "serious bodily injury" means or attach to it a definition meaningfully different than what Valencia-Cortez proposes.

Valencia also challenges the sufficiency of the evidence as to the assault with a dangerous weapon charge. While evidence of the assault with the rock was by no means conclusive, a rational jury could have convicted Valencia based on the evidence adduced by the Government as to the size of the rock, the way in which it was thrown, and the physical effects of the rock's impact. Thus, the evidence was sufficient to allow a reasonable juror to convict.

<u>Grouping Increase</u>

The District Court applied a 6-point enhancement to Valencia's sentence for illegally bringing in noncitizens, resulting in an adjusted offense level of 20. The

6

Government has conceded that the offense level should be 17. Specifically, it recommended only a 3-point enhancement to the base offense level for bringing in 6 to 24 noncitizens instead of the Presentence Report's recommendation of a 6-point enhancement for bringing in 28 noncitizens. The Government explained that it did not believe there was sufficient evidence presented at trial or at any other time that Valencia was involved in bringing in 28 individuals.

The District Court applied a 1-point grouping increase pursuant to the Sentencing Guidelines because the adjusted offense level of the assault count—26— and the *erroneous* adjusted offense level of the illegal bringing in of noncitizens count—20—were within six levels of one another. *See* U.S.S.G. § 3D1.4. However, the District Court should not have applied the 1-point grouping increase because the *correct* adjusted offense level for illegally bringing in noncitizens—17—was 9 levels less serious than the adjusted offense level for the assault count—26—and therefore should have been disregarded. *Id.* An offense level of 26 corresponds to a Sentencing Guidelines range of 78 to 97 months' imprisonment, as opposed to the range for an offense level of 27, which is 87 to 108 months' imprisonment, and which was used by the District Court to sentence Valencia.

On appeal, the Government concedes that there was an error. This error was plain because it contravened the direct instructions of the Sentencing Guidelines to "[d]isregard any [count] that is 9 or more levels less serious than the [count] with

the highest offense level." *Id.* Moreover, a sentencing error such as this affects Valencia's substantial rights and seriously undermines the fairness, integrity, and public reputation of judicial proceedings. *United States v. Bonilla-Guizar*, 729 F.3d 1179, 1188 (9th Cir. 2013). Thus, we vacate Valencia's sentence and remand to the District Court for resentencing.

**AFFIRMED IN PART, VACATED IN PART, AND REMANDED.**