923 F.2d 848
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Lenny McDANIELS and Nancy McDaniels, Plaintiffs-Appellees,
v.
JIM WALTER HOMES, INC., a corporation, Defendant-Appellant.
 No. 89-1527.
 United States Court of Appeals, Fourth Circuit.
 Argued Oct. 30, 1990.
Decided Jan. 22, 1991.
 
 Appeal from the United States District Court for the Northern District of West Virginia, at Elkins. Richard L. Williams, District Judge. (CA-88-9-E)
 William David Levine, St Clair & Levine, Huntington, W.Va., for appellant.
 William Lee Frame, Wilson, Frame & Metheney, Morgantown, W.V., for appellees.
 N.D.W.Va.
 AFFIRMED.
 Before SPROUSE and WILKINSON, Circuit Judges, and C. WESTON HOUCK, United States District Judge for the District of South Carolina, sitting by designation.
 PER CURIAM:
 
 
 1
 Appellant challenges the proceedings at trial, the trial judge's decision to promote alternate jurors, and the sufficiency of the evidence supporting the jury verdict. We affirm the district court's judgment.
 
 I.
 
 2
 Appellant, Jim Walter Homes, Inc., contracted with and constructed a home for appellees, Lenny and Nancy McDaniels. Appellees claimed that construction defects made the home uninhabitable. The McDaniels sued appellant in state court and appellant removed the case to the United States District Court for the Northern District of West Virginia where it was tried before a jury. The jury awarded appellees $22,500 in damages. The court entered judgment for that amount and Jim Walter Homes now appeals that judgment.
 
 II.
 
 3
 Appellant contends that the trial court abused its discretion when exercising control over witnesses and their testimony. For instance, appellant argues that the court inhibited its impeachment of appellees' expert witness by restricting the use of deposition testimony. Appellant also contends that the court, by questioning appellant's expert witness, undermined the witness' credibility.
 
 
 4
 We believe, however, that the trial court did not abuse its broad discretion under Fed.R.Evid. 611 to control the mode of interrogating witnesses and the presentation of evidence. Further, we note that a trial judge has "the power to comment on the weight of evidence even to the point of expressing his opinion as to credibility." United States v. Holley, 502 F.2d 273, 276 (4th Cir.1974).
 
 
 5
 Appellant also argues that the trial court abused its discretion because it refused to grant appellant's request for a continuance when its witness failed to appear in court. We disagree. The trial court refused to grant the continuance not out of spite, as appellant alleges, but rather because appellant was attempting to introduce cumulative expert testimony. The trial court properly exercised its authority to prevent appellant from introducing cumulative evidence and to monitor appellant's use of expert testimony.
 
 III.
 
 6
 In addition, appellant contends that the court committed reversible error by promoting the alternate jurors. After both parties had rested their case and before final argument began, the trial court inquired whether counsel for either side had any objection to promoting the alternate jurors. Neither party objected, the court promoted the two alternates, and a jury of eight deliberated.
 
 
 7
 Appellant's contention is meritless. Under the Federal Rules of Civil Procedure and the caselaw of this circuit, assent to a jury other than twelve jurors can be given by "a written stipulation or one clearly recorded." Debendetto v. Goodyear Tire and Rubber Co., 754 F.2d 512, 514 (4th Cir.1985). The record clearly reflects that appellant's counsel assented to promoting the alternate jurors. Therefore, the court acted properly when it promoted the alternates and appellant cannot now complain.
 
 IV.
 
 8
 Finally, appellant argues that the evidence is insufficient to support the jury's verdict. Specifically, appellant contends that the jury awarded appellees damages to which they were not entitled. We note, however, that both parties presented plausible and substantial evidence to support their conflicting claims. When substantial evidence exists on both sides of issues, it is the jury's province, not ours, to decide between competing claims.
 
 
 9
 For the foregoing reasons, the judgment of the district court is
 
 
 10
 AFFIRMED.