947 F.2d 942
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Stanley MACK, Defendant-Appellant.
 No. 90-5543.
 United States Court of Appeals, Fourth Circuit.
 Submitted Aug. 15, 1991.
Decided Nov. 7, 1991.
 
 Appeal from the United States District Court for the District of South Carolina, at Columbia. Matthew J. Perry, Jr., District Judge. (CR-90-18)
 John H. Hare, Assistant Federal Public Defender, Columbia, S.C., for appellant.
 E. Bart Daniel, United States Attorney, Clarence Davis, Assistant United States Attorney, Columbia, S.C., for appellee.
 D.S.C.
 AFFIRMED.
 Before PHILLIPS, SPROUSE and WILKINS, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Following a jury trial, Stanley Mack was convicted of bank robbery and carrying a firearm during a bank robbery. Mack appeals, contending that the district court erred by failing to instruct the jury that a "lineup" identification procedure is more reliable than a "showup" identification procedure. We find that the district court's omission was not an abuse of discretion; therefore, we affirm Mack's convictions.
 
 
 2
 Mack was indicted for bank robbery and carrying a firearm during a bank robbery. At his trial testimony was given regarding two witnesses who had identified Mack as the robber in one-on-one showups. After the court overruled his objections to this testimony, Mack requested the district court to instruct the jury on identification using the model instruction established in United States v. Holley, 502 F.2d 273, 277 (4th Cir.1974). The district court gave the instruction, but excluded the sentence that explained that "lineup" identification procedures are more reliable than showup identification procedures. Mack contends that this sentence "spoke most directly" to his theory of defense and that he was denied a fair trial because it was excluded.
 
 
 3
 A district court should include instructions to educate a jury about the defendant's theory of the case. United States v. Dornhofer, 859 F.2d 1195, 1199 (4th Cir.1988), cert. denied, 490 U.S. 1005 (1989). Challenges to jury instructions are reviewed under the abuse of discretion standard. Nelson v. Green Ford, Inc., 788 F.2d 205, 208 (4th Cir.1986); see United States v. Benny, 786 F.2d 1410, 1416 (9th Cir.) (abuse of discretion standard for review of challenges to district court's language or formulation of jury instructions), cert. denied, 479 U.S. 1017 (1986).
 
 
 4
 Mack's theory of defense alleged mistaken identification. The only two out-of-court identifications were showups rather than lineups. The model jury instruction in Holley contained the following sentence directly addressing the reliability of showups, which the district court excluded from its instructions:
 
 
 5
 You may also take into account that an identification made by picking the defendant out of a group of similar individuals is generally more reliable than one which results from the presentation of the defendant alone to the witness.
 
 
 6
 However, as Mack concedes, the district court included the rest of the Holley instruction, including the following language:
 
 
 7
 In appraising the identification testimony of a witness, you should consider the following: ... Are you satisfied that the identification made by the witness subsequent to the offense was the product of his own recollection? You may take into account both the strength of the identification and the circumstances under which the identification was made. If the identification by the witness may have been influenced by the circumstances under which the defendant was presented to him for identification, you should scrutinize the identification with great care.
 
 
 8
 Although this language addresses mistaken identification, it does not directly address one-on-one showups.
 
 
 9
 In the model jury instruction in Holley, this Court put the sentence regarding showups and lineups in brackets and provided in a footnote that "Sentence in brackets ( [ ] to be used only if appropriate." Holley, 502 F.2d at 277, n.* Because this case involves one-on-one showups, it is an "appropriate" case for using the optional sentence. Nevertheless, omission of the sentence does not warrant reversal in this case.
 
 
 10
 In United States v. Revels, 575 F.2d 74, 76 (4th Cir.1978), this Court held that the Holley jury instruction or its equivalent is not required "where other independent evidence, whether direct or circumstantial, or both, is presented to the trier of fact which is corroborative of the guilt of the accused." Here, the witnesses made the oneon-one identifications soon after the robbery when the image of the robber was still fresh in their minds. In addition, there was ample corroborating evidence. For example, the two bank employees and the bank customer each gave nearly identical descriptions of the robber. These descriptions were confirmed by the bank videotape of the robbery which was shown to the jury. Also, at the time of his arrest, Mack had in his possession a pair of pants matching the witnesses' description of the robber's pants and each of the witnesses positively identified the pants at trial.
 
 
 11
 In conclusion, the district court's omission from the jury instructions of the sentence concerning showups and lineups was not an abuse of discretion. Accordingly, we affirm Mack's convictions. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 12
 AFFIRMED.