UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

NELLIE MONTGOMERY; CHARLES
MONTGOMERY,
<u>Plaintiffs-Appellants,</u>

v.

No. 95-2702

GENERAL ACCIDENT INSURANCE;
POTOMAC INSURANCE COMPANY OF
ILLINOIS,
<u>Defendants-Appellees.</u>

Appeal from the United States District Court
for the Northern District of West Virginia, at Martinsburg.
Richard L. Williams, Senior District Judge, sitting by designation.
(CA-93-62)

Argued: April 7, 1997

Decided: June 10, 1997

Before RUSSELL, WILKINS, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** William B. Carey, Berkeley Springs, West Virginia, for
Appellants. Paul K. Geer, DIBELLA & GEER, P.C., Pittsburgh,
Pennsylvania, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Charles and Nellie Montgomery brought this action claiming that General Accident Insurance Company of America and Potomac Insurance Company of Illinois (collectively, "General Accident") refused in bad faith to satisfy their obligations under an insurance policy covering property owned by the Montgomerys. A jury awarded the Montgomerys compensatory damages but refused to award punitive damages. The Montgomerys appeal, primarily contending that the district court erred in refusing to grant them a new trial on the basis that prejudicial remarks by the district court resulted in the failure of the jury to award adequate compensatory or punitive damages. We affirm.

I.

In June 1993, a small grocery store owned by the Montgomerys in rural West Virginia was damaged when an underground gasoline tank located on the property exploded. The Montgomerys sought reimbursement for property damage caused by the explosion from General Accident pursuant to the terms of a business owners insurance policy. Subsequently, the Montgomerys filed a claim under the policy for lost profits due to business interruption, believing that General Accident had unduly delayed in paying their property damage claim, thereby postponing the reopening of the store and causing a loss of income. General Accident denied the full claim for lost profits on the basis that any delay in payment of the property damage claim was a result of the Montgomerys' failure to provide promptly repair estimates and that delay in the reopening of the store was caused by the enforcement of environmental regulations by the State of West Virginia, for which General Accident was not responsible.

The Montgomerys then filed this action, alleging that General Accident's failure to pay promptly their repair costs and refusal to pay

2

their entire claim for business interruption losses amounted to a breach of the insurance contract and a bad faith failure to comply with its terms. Additionally, the Montgomerys alleged that General Accident's handling of their claim for benefits constituted an unfair trade practice. See W. Va. Code § 33-11-4(9) (1996).

At trial, Jack Lane testified on behalf of the Montgomerys as their sole expert witness in insurance claims handling practices. Lane explained the standard procedures for processing claims to which adjustors for General Accident should have adhered, concluding that General Accident acted with actual malice and engaged in unfair trade practices in failing to pay the Montgomerys' claims. According to Lane, "[General Accident] knew [it] owed the money for business interruption, [it] knew how much, and refused to pay it." J.A. 46.

While instructing the jury on the applicable law, the district court remarked that Lane did not "add any evidence to the case at all" and that the jury should accord only "slight" weight to his testimony. J.A. 92. Subsequently, in explaining that an insurance policy imposes various obligations and duties upon both the insurance company and the policyholder, the district court admonished the jury that "[w]hen you bring suit on an insurance policy, it's not like a TV program called `The Jackpot is Yours' or `Strike it Rich.'" J.A. 95. Immediately following the conclusion of the jury instructions, the Montgomerys moved unsuccessfully for a mistrial because of these comments by the district court. After the verdict, the Montgomerys moved for a new trial based, inter alia, on these remarks. The motion was denied. We review the denial of a motion for a new trial for abuse of discretion. See Atlas Food Sys. & Servs., Inc. v. Crane Nat'l Vendors, Inc., 99 F.3d 587, 594 (4th Cir. 1996).

II.

The Montgomerys contend that the comments of the district court concerning Lane's testimony amounted to reversible error because the court "influence[d] the minds of the jury as to the value of the witness' testimony." Brief for Appellant at 12 (internal quotation marks omitted). And, they maintain that the "Strike it Rich" comment was unduly prejudicial, undercutting the validity of their bad faith and unfair trade practices claims, and also requires reversal.

3

In the federal system, a trial judge may "comment on the weight of the evidence even to the point of expressing his opinion as to [the] credibility" of a witness. United States v. Holley, 502 F.2d 273, 276 (4th Cir. 1974); see Quercia v. United States , 289 U.S. 466, 469 (1933); United States v. Tello, 707 F.2d 85, 88 (4th Cir. 1983). "It is within [the trial judge's] province, whenever he thinks it necessary, to assist the jury in arriving at a just conclusion by explaining and commenting upon the evidence ...." Quercia , 289 U.S. at 469. The discretion of the district judge to comment on the evidence is not without bounds, however. For example, the judge may not distort or add to the evidence and must use caution to avoid misleading the jury or appearing one-sided. See id. at 470."It is particularly vital that the trial judge also instruct the jurors that his comments are not binding upon them ... and that they are the sole judges of the evidence." Tello, 707 F.2d at 88. Further, the trial judge should give this instruction to the jury "in sufficient proximity to his comment so that the jury will have it clearly in mind when the comment is made." Id.

Although the remarks of the district court with respect to Lane's testimony might be subject to criticism when considered in isolation, we are convinced that the district judge did not misconstrue or add to the evidence and that he "stay[ed] within his role in the fact-finding process." Tello, 707 F.2d at 89. Moments before commenting on Lane's testimony, the district judge instructed the jurors that they were free to disregard his view of the evidence and emphasized their role as "the sole judges of the credibility of the witnesses and the weight that their testimony deserve[d]." J.A. 92. Likewise, the gratuitous "Strike it Rich" comment, although not especially judicious, did not "reach[ ] such a level of prejudice that it denied ... the appellants a fair, as distinguished from perfect, trial." United States v. Parodi, 703 F.2d 768, 776 (4th Cir. 1983) (internal quotation marks omitted). Viewed in the context of the complete jury instructions, the remarks by the district court did not amount to reversible error.

III.

After carefully reviewing the record and the parties' briefs, we find that the Montgomerys' remaining contentions also lack merit. Accordingly, we conclude that the district court did not abuse its discretion in denying the Montgomerys' motion for a new trial.

AFFIRMED

4