UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                              No. 98-4654

DONALD LAWTON,
Defendant-Appellant.

Appeal from the United States District Court
for the District of Maryland, at Greenbelt.
Alexander Williams, Jr., District Judge.
(CR-98-140)

Submitted: January 26, 1999

Decided: May 13, 1999

Before MICHAEL and TRAXLER, Circuit Judges, and
PHILLIPS, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

James Wyda, Acting Federal Public Defender, Daniel W. Stiller,
Assistant Federal Public Defender, Lauren E. Case, OFFICE OF THE
FEDERAL PUBLIC DEFENDER, Greenbelt, Maryland, for Appel-
lant. Lynne A. Battaglia, United States Attorney, Hollis Raphael
Weisman, Assistant United States Attorney, Greenbelt, Maryland, for
Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Donald Lawton appeals the district court's order affirming his jury conviction and resulting sentence for fourth degree burglary. Lawton consented to trial before a magistrate. Finding no error, we affirm.

On January 29, 1998 at about 11:30 a.m., Lin-Sien Lum, an employee of the National Institute of Standards and Technologies ("NIST") in Gaithersburg, Maryland, left her office and heard an unusual noise in a neighboring office. Lum observed a man searching through desk drawers in the office and asked him if she could help him. He then walked past her out of the office and exited through a nearby stairwell. Lum called the NIST police to report the stranger and described him as a black male with medium build, medium height, short hair, and wearing a dark jacket with a white Nike emblem. Lum also stated that the man was carrying a USA Today newspaper and keys. Finally, Lum testified that at the time of her encounter with the man, the lights were on, the window blinds were up and that the office was "fairly bright." Although she could not say how long the encounter lasted, she testified that "it was long enough to have . . . one or two sentence[s]." Moments later, a second NIST employee, Barbara Uglik, was walking towards her office when she saw a man exiting it. The man told her that he left some papers on her chair. After exchanging a few words with the man, Uglik entered her office and noticed that there were no papers on her chair. She also discovered her purse was open and a checkbook and some cash were missing. Uglik called the police and gave a description of the man similar to Lum's, including the dark jacket with a white Nike emblem and noting that he was carrying a newspaper.

NIST police apprehended Lawton approximately one hour after Lum and Uglik reported the incidents. Officer Dwayne Damuth showed Uglik a photo identification card taken from Lawton, and

2

Uglik indicated that the man in the picture was the man coming out of her office. Uglik also identified Lawton in person at the guard's office. Officer Damuth also showed the identification card to Lum, who stated she was "pretty certain" that the photo was of the individual she confronted earlier.

Lawton was charged with fourth degree burglary under Maryland law as assimilated under 18 U.S.C. § 13, and he consented to trial before a magistrate judge. Lawton filed a pre-trial motion to suppress identification testimony claiming that the pre-trial identifications were impermissibly suggestive and unreliable. The magistrate judge denied the motion after a hearing, and the jury convicted Lawton. At trial, evidence was admitted concerning the pre-trial identifications, and Lum and Uglik also identified Lawton in court. The court sentenced Lawton to one year imprisonment, and Lawton appealed his conviction to the district court, which affirmed.

Lawton asserts on appeal that his due process rights were violated when the court admitted in-court identification testimony based on impermissibly suggestive and unreliable photographic identifications. In determining whether identification testimony is admissible, the defendant must first establish that the identification procedure was impermissibly suggestive. See Manson v. Brathwaite, 432 U.S. 98, 110 (1977). Second, if the procedure was unnecessarily suggestive, the in-court identification is valid if it was reliable under the totality of the circumstances. See id. at 114. In evaluating the reliability of the identification, the court must consider: (1) the witness's opportunity to view the perpetrator at the time of the crime; (2) the witness's degree of attention at the time of the offense; (3) the accuracy of the witness's prior description of the perpetrator; (4) the witness's level of certainty when identifying the defendant as the perpetrator at the time of the confrontation; and (5) the length of time between the crime and the confrontation. See Neil v. Biggers , 409 U.S. 188, 199-200 (1972).

We agree with the district court that the identifications of Lawton based on one photograph rather than a photographic line-up may be unnecessarily suggestive. See Simmons v. United States, 390 U.S. 377, 383-84 (1968). Nonetheless, we conclude that the identifications were reliable under the totality of the circumstances. Both Lum and

3

Uglik viewed Lawton face to face in a well-lit office for at least ten to fifteen seconds. Lum testified that as Lawton walked past her, he looked at her and she was able to make a mental image of him because she was concentrating on him. Uglik was able to recall the conversation Lawton had with her on his way out of her office. Also, both Lum and Uglik provided detailed descriptions of Lawton's physical appearance and the clothing he was wearing. Their descriptions were consistent with Lawton's actual appearance when he was apprehended. Further, only a short period of time had passed between the crime and the two witnesses' identification of Lawton. We therefore conclude that the court did not err in admitting the pre-trial and in-court identifications.

Finally, Lawton asserts that the magistrate judge erred by failing to give Lawton's requested jury instruction concerning misidentification. A district court's denial of a requested jury instruction "constitutes reversible error only if the instruction: (1) was correct; (2) was not substantially covered by the court's charge to the jury; and (3) dealt with some point in the trial so important that failure to give the requested instruction seriously impaired the defendant's ability to conduct his defense." United States v. Lewis , 53 F.3d 29, 32 (4th Cir. 1995).

While Lawton's requested instruction was a correct statement of the law, he fails to establish that his requested instruction was not substantially covered by the magistrate judge's jury instruction. Though a cautionary instruction is necessary in some cases involving a "strong likelihood of misidentification," see United States v. Brooks, 928 F.2d 1403, 1407-08 (4th Cir. 1991), the instruction given by the magistrate judge essentially followed the model instruction we endorsed in United States v. Holley, 502 F.2d 273, 277-78 (4th Cir. 1974). In addition, the court's refusal of Lawton's instruction did not seriously impair his ability to conduct his defense. We therefore find no error in the magistrate judge's refusal to give the specific instruction requested by Lawton.

Accordingly, we affirm Lawton's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED