**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────

**No. 10-4976**

─────────

UNITED STATES OF AMERICA,

　　　　　Plaintiff - Appellee,

　　　v.

COREY LAMONT MCNEIL,

　　　　　Defendant - Appellant.

─────────

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  Thomas D. Schroeder, District Judge.  (1:09-cr-00399-TDS-1)

─────────

Submitted:  April 25, 2011　　　　　　　Decided:  May 19, 2011

─────────

Before GREGORY, SHEDD, and DAVIS, Circuit Judges.

─────────

Affirmed by unpublished per curiam opinion.

─────────

Louis C. Allen, Federal Public Defender, Eric D. Placke, Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant.  Ripley Rand, United States Attorney, Robert A. J. Lang, Assistant United States Attorney, Winston-Salem, North Carolina, for Appellee.

─────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Corey Lamont McNeil appeals his conviction after a jury trial and seventy-four-month sentence for one count of possession of a firearm by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) (2006). McNeil raises two claims of error on appeal: that insufficient evidence supports his conviction; and that the district court imposed a substantively unreasonable sentence. We affirm.

I.    Sufficiency of the Evidence

"A defendant challenging the sufficiency of the evidence faces a heavy burden." United States v. Foster, 507 F.3d 233, 245 (4th Cir. 2007). We review a sufficiency of the evidence challenge by determining whether, viewing the evidence in the light most favorable to the government, any rational trier of fact could find the essential elements of the crime beyond a reasonable doubt. United States v. Collins, 412 F.3d 515, 519 (4th Cir. 2005). We will uphold the jury's verdict if substantial evidence supports it and will reverse only in those rare cases of clear failure by the prosecution. Foster, 507 F.3d at 244-45. We do not review the credibility of the witnesses and assume that the jury resolved all contradictions in the testimony in favor of the government. Id. at 245.

To support a conviction for being a felon in possession of a firearm under § 922(g)(1), the government must prove the following elements: "(1) the defendant previously had been convicted of a [felony]; (2) the defendant knowingly possessed . . . the firearm; and (3) the possession was in or affecting commerce, because the firearm had traveled in interstate or foreign commerce at some point during its existence." United States v. Moye, 454 F.3d 390, 394, 395 (4th Cir. 2006) (en banc). McNeil does not contest that he has been convicted of a felony or that the firearm in question traveled in interstate commerce. He argues instead that there was insufficient evidence that he possessed the firearm.

The gravamen of McNeil's argument is that his conviction was based entirely on an in-court identification made by Detective Raymond Laird of the Forsyth County Sheriff's Office. McNeil's conviction was predicated on his sale of a firearm to Laird, who was operating in an undercover capacity. Laird had never met McNeil before the firearm sale, and twelve months had passed before Laird was shown three photographs of McNeil and asked to confirm his identity as the seller. Accordingly, McNeil argues, the identification is not reliable and the district court should have granted his Fed. R. Crim. P. 29 motion for a judgment of acquittal.

As McNeil points out, we have cautioned district courts to be mindful of the reliability problems that may arise when the government's factual allegations hinge on the identification of a single witness, especially in circumstances where significant time has lapsed from the alleged crime to the first identification and where no full line-up was conducted. See United States v. Holley, 502 F.2d 273, 274-75 (4th Cir. 1974). Our review of the record, however, leads us to conclude that the district court did not err in denying McNeil's Rule 29 motion.

First, other circumstantial evidence corroborated Laird's identification. McNeil's girlfriend testified that at the time of the transaction, she lived with McNeil at the very apartment where the transaction took place, and McNeil drove a burgundy van similar to the one from which detectives saw the suspect emerge prior to the sale. In addition, the district court cautioned the jury to be mindful of the means of the witness identification. Nevertheless, the jury found Laird's identification credible, and we decline to disturb that finding on appeal.

II. Sentence

McNeil next argues that the district court imposed an unreasonable sentence because the sentence was greater than necessary under 18 U.S.C. § 3553(a) (2006).

We review a sentence for reasonableness under an abuse-of-discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). This review requires consideration of both the procedural and substantive reasonableness of a sentence. Id. First, we must assess whether the district court properly calculated the Guidelines range, considered the § 3553(a) factors, analyzed any arguments presented by the parties, and sufficiently explained the selected sentence. Id. at 49-50; see United States v. Lynn, 592 F.3d 572, 576 (4th Cir. 2010) ("[A]n individualized explanation must accompany every sentence."); United States v. Carter, 564 F.3d 325, 330 (4th Cir. 2009) (same). An extensive explanation is not required as long as the appellate court is satisfied "'that [the district court] has considered the parties' arguments and has a reasoned basis for exercising [its] own legal decisionmaking authority.'" United States v. Engle, 592 F.3d 495, 500 (4th Cir.) (quoting Rita v. United States, 551 U.S. 338, 356 (2007)), cert. denied, 131 S. Ct. 165 (2010). If the sentence is free of significant procedural error, this court reviews the substantive

reasonableness of the sentence. Lynn, 592 F.3d at 575; United States v. Pauley, 511 F.3d 468, 473 (4th Cir. 2007).

McNeil does not allege the sentence was procedurally unreasonable. We therefore analyze the substantive reasonableness of the sentence, "examin[ing] the totality of the circumstances to see whether the sentencing court abused its discretion in concluding that the sentence it chose satisfied the standards set forth in § 3553(a)." United States v. Mendoza-Mendoza, 597 F.3d 212, 216 (4th Cir. 2010). We presume on appeal that a sentence within a properly calculated Guidelines range is reasonable. United States v. Allen, 491 F.3d 178, 193 (4th Cir. 2007).

We have reviewed the record, and conclude that McNeil has not rebutted the presumption of reasonableness accorded to his within-Guidelines sentence. The court carefully articulated its rationale for the sentence it imposed. We agree with the district court's conclusions that a within-Guidelines sentence served the goal of deterrence and protection of the public and was appropriate because of the serious nature of McNeil's offense.

We therefore affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials

before the court and argument would not aid the decisional process.

AFFIRMED