**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 13-4844**

_____

UNITED STATES OF AMERICA,

          Plaintiff – Appellee,

    v.

ANTURAN DAQUAN MORRIS,

          Defendant – Appellant.

_____

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.  James R. Spencer, District Judge.  (3:13-cr-00067-JRS-1)

_____

Submitted:  April 29, 2014         Decided:  June 11, 2014

_____

Before KING, DUNCAN, and WYNN, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Michael S. Nachmanoff, Federal Public Defender, Alexandria, Virginia, Frances H. Pratt, Assistant Federal Public Defender, Carolyn V. Grady, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Richmond, Virginia, for Appellant. Dana J. Boente, Acting United States Attorney, Alexandria, Virginia, Olivia L. Norman, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Richmond, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Anturan Daquan Morris appeals his conviction for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and his resulting 51-month sentence. For the reasons that follow, we affirm.

I.

A.

At trial, the government presented evidence that, on December 12, 2012, Officers Joachin Okonkwo and James A. Spada of the Richmond Police Department approached a man whom they recognized by sight but not by name. They asked him to stop, but the man fled and the officers pursued him. Officer Okonkwo testified that while he lost sight of the man he was chasing a few times, those lapses were "just momentary." J.A. 46. During the chase, Officer Spada saw the man remove a firearm from his clothing and discard it in the street. At the end of the chase, the man was apprehended and identified as Morris. Morris told the officers that he carried the gun, but only for protection.

No witness was asked to perform a courtroom identification of Morris. When asked on direct examination, "[d]o you recognize Mr. Morris here today?" Officer Spada testified that he did, J.A. 69, although the record does not show that he pointed or gestured to Morris. When asked if there was "any

2

question in [his] mind" that the individual who threw the gun was "Mr. Morris," Officer Spada answered that there was "[n]o question at all." J.A. 77. Following the government's case in chief, Morris moved for a judgment of acquittal pursuant to Fed. R. Crim. P. 29. That motion was denied. A jury found Morris guilty of being a felon in possession of a firearm.

B.

The presentence report ("PSR") placed Morris at an offense level of 20 and a criminal history category of IV. His advisory Guidelines sentence ranged from 51 to 63 months. Morris did not object to the PSR or the Guidelines calculation. At the sentencing hearing, the district court accepted the PSR, adopted its findings, and then heard the parties' arguments.

Morris argued for a below-Guidelines sentence of 42 months because he did not fire the gun he was convicted of possessing and because his personal history and relative youth placed him at a particularly high risk of criminality. Morris also argued that his criminal history was exaggerated by non-serious offenses and that a 42-month sentence would provide just punishment, as the longest he had ever received. The government argued for a sentence within the Guidelines range.

The district court sentenced Morris to 51 months' imprisonment, saying that it had "considered all the arguments of the parties" and that it was denying Morris's motion for a

3

below-Guidelines sentence "primarily because you can't run from your history. That Guidelines Range was earned and is appropriate." J.A. 201. This appeal followed.

## II.

We review de novo the district court's denial of a Rule 29 motion for judgment of acquittal. United States v. Green, 599 F.3d 360, 367 (4th Cir. 2010). A guilty verdict survives "if, viewing the evidence in the light most favorable to the prosecution, the verdict is supported by substantial evidence." United States v. Smith, 451 F.3d 209, 216 (4th Cir. 2006) (internal citation and quotation marks omitted). We may only set aside a conviction if "no rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." United States v. Royal, 731 F.3d 333, 337 (4th Cir. 2013).

We review criminal sentences for substantive and procedural reasonableness using an abuse of discretion standard. United States v. Lynn, 592 F.3d 572, 575-76 (4th Cir. 2010). If we find an abuse of discretion, the sentence can stand only if the error was harmless. Id.

4

III.

Morris argues that the government did not present sufficient evidence to support the jury's guilty verdict for two reasons.

First, Morris argues that because no witness identified him in court, the government did not present sufficient evidence of his identity as the man who possessed the firearm. This argument is meritless because a courtroom identification is not required to show sufficient evidence of a defendant's identity if other evidence of identity is sufficient. United States v. Taylor, 900 F.2d 779, 782 (4th Cir. 1990) (testimony of one witness who identified the defendant by name as the person who committed the crime was sufficient evidence of the defendant's identity, even without a courtroom identification).

Second, Morris argues that the government's evidence of his identity as the individual who possessed the firearm was insufficient. We cannot agree. The testimony of one witness that a defendant was the person who committed the crime is sufficient evidence of a defendant's identity to support a conviction. United States v. Holley, 502 F.2d 273, 274 (4th Cir. 1974). At trial, the jury heard extensive testimony from multiple witnesses who saw, chased, and apprehended Morris, and who recognized him as the same individual throughout the encounter. Officer Spada testified that he saw Morris discard

5

the firearm, and that Morris admitted to possessing the firearm. These facts constituted substantial evidence that Morris possessed the firearm.

IV.

Morris next argues that his sentence is procedurally unreasonable because the district court did not provide a sufficiently individualized explanation for choosing a 51-month sentence, rejecting Morris's arguments for a below-Guidelines sentence. We may presume that Morris's within-Guidelines sentence was substantively reasonable. United States v. Mendoza-Mendoza, 597 F.3d 212, 216–17 (4th Cir. 2010). However, we need not reach the question of whether the district court erred. Even if we assume that the district court's explanation of Morris's sentence was insufficient, we agree with the government that any error was harmless.

For a procedural sentencing error to be found harmless, the government must show that the error "did not have a substantial and injurious influence on the result." United States v. Boulware, 604 F.3d 832, 838 (4th Cir. 2010) (internal quotation marks and citation omitted). The government bears the burden of showing that the error was harmless, but it can meet this burden by showing that it would be "unrealistic" to think that the error affected the sentence length. Id. at 840.

6

To determine whether a district court's failure to explain a sentencing decision was harmless error, we consider two primary factors. The first is the strength or weakness of a party's arguments that the district court did not address. Id. at 839–40. The second is an indication in the record that the district court considered and understood those arguments. Id.

Morris's arguments for a below-Guidelines sentence were weak. Like the defendant's arguments in Boulware, many of Morris's arguments were based on circumstances that are "not atypical for a defendant." Id. at 840. He admits that his arguments about his personal history could be made by many people. Similarly, Morris's argument that his criminal history was exaggerated was weak because his criminal history was substantial. His argument that he did not use the firearm he was convicted of possessing, and only carried it for protection, has little to do with why he should be sentenced below the Guidelines range for being a felon in possession of a firearm.

Where, as here, the government can show that the district court fully considered a party's arguments for a particular sentence, but failed to explicitly address them, that failure is a harmless error. Boulware, 604 F.3d at 840. In the present case, the district court's statement that it had "considered all of the arguments of the parties," J.A. 201 (emphasis added),

7

demonstrates that it fully considered Morris's arguments for a below-Guidelines sentence.

Considering these facts, we can say with "fair assurance" that that the district court would not impose a different sentence if it were forced to explain its reasoning, and the district court's failure to do so could not have had a "substantial and injurious influence" on Morris's sentence. Boulware, 604 F.3d at 840, 838 (internal quotation marks and citation omitted). For these reasons, we hold that even if we assume Morris's sentence was procedurally unreasonable, any error was harmless.

V.

Accordingly, we affirm Morris's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid in the decisional process.

AFFIRMED