**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 13-4471**

───────────

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

        v.

LAQUAN OCTAVOUS DRAPER,

             Defendant - Appellant.


───────────

**No. 13-4478**

───────────

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

        v.

ANGELO MARQUIS DRAPER,

             Defendant - Appellant.


───────────

Appeals from the United States District Court for the Eastern District of Virginia, at Norfolk.   Robert G. Doumar, Senior District Judge.   (2:12-cr-00090-RGD-DEM-1;  2:12-cr-00090-RGD-DEM-2)

───────────

Submitted:  May 27, 2014              Decided:  June 16, 2014

───────────

Before KEENAN, DIAZ, and FLOYD, Circuit Judges.

───────────

Affirmed by unpublished per curiam opinion.

---

Michael S. Nachmanoff, Federal Public Defender, Keith Loren Kimball, Assistant Federal Public Defender, Caroline S. Platt, Appellate Attorney, Norfolk, Virginia; George H. Yates, GEORGE H. YATES, P.C., Virginia Beach, Virginia, for Appellants. Sherrie Scott Capotosto, Assistant United States Attorney, Norfolk, Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Laquan Draper and his brother Angelo were convicted after a jury trial of one count of conspiracy to commit Hobbs Act robbery, twelve counts of Hobbs Act robbery, all in violation of 18 U.S.C. § 1951(a) (2012); and one count of using, carrying, and discharging a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c) (2012). Laquan was also convicted of one count of attempted Hobbs Act robbery, and one count of felon in possession of a firearm, in violation of 18 U.S.C. § 922(g) (2012). The district court sentenced Laquan to a total of 413 months of imprisonment, and sentenced Angelo to a total of 300 months of imprisonment.

On appeal, counsel have filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal, but raising two issues for review. First, counsel question whether the district court abused its discretion when it asked several witnesses whether the stores at which they were employed sold items from out of state. Second, counsel question whether the court abused its discretion in refusing to give an instruction proposed by the defense regarding eyewitness identification, relying on this court's decision in United States v. Holley, 502 F.2d 273 (4th Cir. 1974). Laquan and Angelo were informed of their right to file a pro se supplemental brief. Angelo filed a brief in which

3

he merely repeats the arguments in the Anders brief regarding the district court's questioning of witnesses. Angelo also filed a supplemental brief in which he asserts that the district court erred in admitting expert testimony based on this Court's recent decision in United States v. Garcia, __ F.3d __, No. 13-4136, 2014 WL 1924857 (4th Cir. May 15, 2014). Laquan was granted two extensions of time in which to file a supplemental brief, but has not filed a brief.

Because the appellants preserved their objections properly, this Court reviews their claim that the district court has improperly interfered with their right to a fair trial for abuse of discretion. United States v. Smith, 441 F.3d 254, 268 (4th Cir. 2006). Although a district court must control the presentation of evidence and is permitted to question witnesses, Fed. R. Evid. 614(b), "the court must not create an appearance of partiality by continued intervention on the side of one of the parties or undermine the effective functioning of counsel through repeated interruption of the examination of witnesses." United States v. Castner, 50 F.3d 1267, 1272 (4th Cir. 1995) (internal quotation marks, alterations, and citations omitted). "A new trial is required only if the resulting prejudice was so great that it denied any or all the appellants a fair, as distinguished from a perfect, trial." United States v. Villarini, 238 F.3d 530, 536 (4th Cir. 2001) (internal quotation

4

marks omitted).  Additionally, jury instructions may cure the taint of any improper questioning.  <u>Id.</u> at 537.

Our review of the record leads us to conclude that the district court did not abuse its discretion in questioning witnesses, but merely acted to manage the flow of information in a lengthy trial that involved a significant amount of evidence. <u>See</u> <u>United States v. Weaver</u>, 282 F.3d 302, 314-15 (4th Cir. 2002) (no abuse of discretion where district court told Government counsel to provide documentary evidence of FDIC insured status of victim bank); <u>United States v. Parodi</u>, 703 F.2d 768, 775-78 (4th Cir. 1983).  The district court's limited questioning of witnesses did not deny appellants a fair trial, and this claim provide no grounds for relief.

Turning to the appellants' second argument, this Court reviews the denial of a requested jury instruction for abuse of discretion.  <u>United States v. Shrader</u>, 675 F.3d 300, 308 (4th Cir. 2012).  An abuse of discretion in the refusal of a defense instruction requires that "the defendant's proposed instruction must be (1) correct; (2) not substantially covered by the court's charge; and (3) dealing with some point in the trial so important, that failure to give the requested instruction seriously impaired the defendant's ability to conduct his defense."  <u>Id.</u>  In conducting its analysis, the court considers the district court's instructions in their entirety.  <u>Id.</u>  An

5

instructional error is subject to harmless error analysis. Neder v. United States, 527 U.S. 1, 18 (1999). Such error will be found harmless if it is "clear beyond a reasonable doubt that a rational jury would have found the defendant guilty absent the error." Id.

We conclude that the district court did not abuse its discretion in refusing to instruct the jurors regarding identification testimony in the manner set forth in Holley, because "this was not a case wholly dependent on eyewitness identification." United States v. Patterson, 150 F.3d 382, 388 (4th Cir. 1998). In fact, there was significant other evidence pointing to appellants as the perpetrators of the two robberies for which eyewitness identification evidence was admitted. Further, in light of this significant other evidence, even if we assume that the court erred in failing to give any instruction on eyewitness identification, the error was harmless under the Neder standard.

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We conclude that Angelo's argument based on Garcia is without merit. We therefore affirm appellants' convictions and sentences. This Court requires that counsel inform appellants in writing, of the right to petition the Supreme Court of the United States for further review. If either appellant requests

6

that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on appellant.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED