**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 14-4295**

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

     v.

DARRELL LAMONT HARRIS,

              Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond. Robert E. Payne, Senior District Judge. (3:13-cr-00116-REP-1)

Submitted: November 25, 2014      Decided: December 2, 2014

Before MOTZ, KING, and DIAZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Michael S. Nachmanoff, Federal Public Defender, Patrick L. Bryant, Appellate Attorney, Valencia D. Roberts, Assistant Federal Public Defender, Alexandria, Virginia, for Appellant. Dana J. Boente, United States Attorney, Olivia L. Norman, Assistant United States Attorney, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A jury convicted Darrell Lamont Harris of interference with commerce by robbery, in violation of 18 U.S.C. § 1951 (2012) (Hobbs Act robbery). On appeal, Harris contends that the district court erred in denying his motion for a judgment of acquittal under Fed. R. Crim. P. 29, because the Government presented insufficient evidence to sustain his conviction. Finding no error, we affirm.

We review de novo challenges to the sufficiency of evidence and a district court's denial of a motion for a judgment of acquittal under Rule 29. United States v. Alerre, 430 F.3d 681, 693 (4th Cir. 2005). "The jury's verdict must be upheld on appeal if there is substantial evidence in the record to support it, where substantial evidence is evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." United States v. Perry, 757 F.3d 166, 175 (4th Cir. 2014) (emphasis and internal quotation marks omitted). In evaluating whether substantial evidence supports a conviction, we must "view[] the evidence and the reasonable inferences to be drawn therefrom in the light most favorable to the Government." Id. (internal quotation marks omitted).

To obtain a conviction under the Hobbs Act, the Government must prove "(1) the underlying robbery or extortion

2

crime, and (2) an effect on interstate commerce." United States v. Strayhorn, 743 F.3d 917, 922 (4th Cir.) (internal quotation marks omitted), cert. denied, 134 S.Ct. 2689 (2014). The Hobbs Act defines robbery as "the unlawful taking or obtaining of personal property from the person . . . by means of actual or threatened force, or violence, or fear of injury, . . . to his person or property . . . at the time of the taking or obtaining." 18 U.S.C. § 1951(b)(1). Harris concedes that the Government presented sufficient evidence that a robbery occurred and that the perpetrator violated the Hobbs Act. He argues, however, that the Government presented insufficient evidence to permit the jury to conclude beyond a reasonable doubt that he committed the robbery. Specifically, Harris contends that (1) the eyewitness identifications were unreliable; (2) the evidence of a BB gun recovered from his girlfriend's residence did not clearly link him to the crime; and (3) blue latex gloves recovered from his girlfriend's residence, allegedly matching gloves worn by the robber, are so commonplace that they do not support the conviction.

It is well settled that "the identification of a criminal actor by one person is itself evidence sufficient to go to the jury and support a guilty verdict." United States v. Holley, 502 F.2d 273, 274 (4th Cir. 1974). Here, two eyewitnesses selected Harris from a photographic lineup and

positively identified Harris during their in-court testimony. Although not contesting the admissibility of testimony regarding the identifications, Harris contends that the circumstances surrounding the photographic lineup identifications were so suggestive that the eyewitness identifications were insufficient to establish his identity as the robber. "In the absence of a very substantial likelihood of irreparable misidentification, [eyewitness identification] evidence is for the jury to weigh." Fowler v. Joyner, 753 F.3d 446, 454 (4th Cir. 2014) (internal quotation marks and ellipsis omitted). In determining the likelihood of misidentification, the factors a court should consider include:

> the opportunity of the witness to view the criminal at the time of the crime, the witness' degree of attention, the accuracy of the witness' prior description of the criminal, the level of certainty demonstrated by the witness at the confrontation, and the length of time between the crime and the confrontation.

Neil v. Biggers, 409 U.S. 188, 199-200 (1972).

Here, both eyewitnesses had ample opportunity to view the robber. Although the robber wore a mask during the robbery, one of the eyewitnesses observed the robber before he pulled the mask over his face and the other eyewitness observed distinguishing facial features through cutouts in the mask. Further, both eyewitnesses provided an accurate description of the robber, in line with the descriptions provided by other

4

eyewitnesses and generally matching a description of Harris. Additionally, both eyewitnesses testified that they were certain Harris was the robber. The testimony of Harris's alleged coconspirator placed Harris at the scene of the robbery. Finally, although Harris's federal trial occurred two years after the robbery, both eyewitnesses picked Harris out of a lineup within two days of the robbery and confronted Harris in state court proceedings within months of the robbery. Thus, under the Biggers factors, the eyewitness identification did not produce a "very substantial likelihood of irreparable misidentification."

Any weakness in the eyewitness identifications were ones for the jury to weigh when determining whether Harris was the robber. The contentions Harris advances regarding the BB gun and the latex gloves do not undermine the overall sufficiency of the Government's evidence. See United States v. Bynum, 604 F.3d 161, 166 (4th Cir. 2010) (observing where some evidence provided jury with sufficient basis to conclude defendant was perpetrator, alleged weaknesses in other evidence tying defendant to offense cannot sustain insufficiency of evidence claim). Thus, the district court did not err in denying Harris's Rule 29 motion.

Accordingly, we affirm Harris's conviction. We dispense with oral argument because the facts and legal

5

contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED</u>