**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-4890**

UNITED STATES OF AMERICA,

             Plaintiff – Appellee,

      v.

DEMANI JAWARA BOSKET,

             Defendant – Appellant.

Appeal from the United States District Court for the District of
South Carolina, at Anderson.   G. Ross Anderson, Jr., Senior
District Judge.   (8:07-cr-01362-GRA-1)

Submitted:  October 30, 2009         Decided:  December 15, 2009

Before MICHAEL, SHEDD, and AGEE, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Robert  Sneed,  ROB  SNEED  LAW  FIRM,  LLC,  Greenville,  South
Carolina,  for  Appellant.    W.  Walter  Wilkins,  United  States
Attorney,  A.  Lance  Crick,  Assistant  United  States  Attorney,
Greenville, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Demani Jawara Bosket appeals his jury conviction for possessing a firearm and ammunition after having been convicted of a crime punishable by imprisonment for a term exceeding one year, in violation of 18 U.S.C. § 922(g)(1) (2006). On appeal, he contends the district court erred by informing the jury that he had elected not to testify, by using the term "felon," and by commenting on specific evidence in its instructions, and that the errors were cumulatively prejudicial. We affirm.

Because Bosket raises these issues for the first time on appeal, our review is for plain error. See Fed. R. Crim. P. 52(b); United States v. Reid, 523 F.3d 310, 315 (4th Cir.), cert. denied, 129 S. Ct. 663 (2008). To establish plain error, Bosket must show that an error occurred, that the error was plain, and that the error affected his substantial rights. See United States v. Olano, 507 U.S. 725, 732 (1993). Even if he makes this threshold showing, the decision whether to correct the error is within our sound discretion. Id. at 735-36.

Bosket first contends that the district court plainly erred when it informed the jury that he had elected not to testify or to offer any evidence, and that consequently, they would be moving into the final phases of the trial. The court had previously instructed the jury that Bosket had no burden to prove his innocence or to present any evidence; he had the right

2

to remain silent; and they were prohibited from using the fact that he may not testify against him. The court subsequently reminded the jury that the burden was on the Government to persuade them beyond a reasonable doubt that Bosket was guilty, and Bosket had no obligation to offer any evidence.

Bosket contends that the district court's comment regarding his decision not to testify was a violation of his right not to incriminate himself under the Fifth Amendment. We disagree. The district court did not instruct the jury that Bosket's silence was evidence of guilt, but in fact instructed them that the decision not to testify could not be used against him. Because the district court did not adversely comment on Bosket's silence, there was no plain error. See Lakeside v. Oregon, 435 U.S. 333, 338-39 (1978).

Bosket next contends the district court's references to the term "felon" constituted plain error in violation of the Rules of Evidence and his right to a fair trial. He argues there was an "obvious danger that the jury would convict [him] because he was a convicted felon." We find no plain error. As we have observed, the term "crime punishable by imprisonment for a term exceeding one year" in 18 U.S.C. § 922(g)(1) is commonly referred to as a "felony." United States v. Milton, 52 F.3d 78, 79 n.1 (4th Cir. 1995). Moreover, we have held that "in a felon-in possession case such as this, the district court must

3

instruct the jury that the government must prove beyond a reasonable doubt that at the time the defendant possessed the firearm he had a qualifying previous felony conviction, that is a prior conviction for an offense punishable by a term of imprisonment exceeding one year." Id. at 81. Therefore, while a defendant who stipulates to the existence of a prior felony conviction may exclude evidence concerning the *nature* of the felony conviction, he may not exclude evidence concerning the existence of the felony conviction. Id. at 81 n.7.

In this case, Bosket stipulated that he was "a person who has been convicted for a crime(s) punishable by imprisonment for a term exceeding one year for purposes of Title 18, United States Code, Section 922(g)(1)." The district court instructed the jury that the Government had to prove Bosket had "been convicted of a crime punishable by a term of imprisonment exceeding one year"; that this was "the definition of a felon under federal law, convicted of a crime punishable by a term of imprisonment exceeding one year"; and that Bosket had stipulated he "has been previously convicted of a crime punishable by a term of imprisonment exceeding one year, and therefore, he is in fact a felon under federal law." The court also instructed them that the law prohibited any person who had been convicted of a crime punishable by imprisonment for a term exceeding one year from possessing any type of weapon or ammunition. Finally, the

4

court gave a limiting instruction that the fact that Bosket had admitted he was a felon by previous conviction should not be considered by the jury in deciding whether he possessed the weapon in this case, and he was presumed innocent until proven guilty. We find no plain error in the court's instructions.

Bosket next contends the district court improperly commented on specific evidence when charging the jury. "District courts are necessarily vested with a great deal of discretion in constructing the specific form and content of jury instructions." Hardin v. Ski Venture, Inc., 50 F.3d 1291, 1293 (4th Cir. 1995) (citation omitted). "So long as the charge is accurate on the law and does not confuse or mislead the jury, it is not erroneous." Id. at 1294. Jury instructions should be drawn with reference to the particular facts of the case on trial, because abstract instructions that are not adjusted to the facts of a particular case may confuse the jury. United States v. Holley, 502 F.2d 273, 276 (4th Cir. 1974). "Different factual situations obviously call for different degrees of particularity," id. at 277, and "the choice of generality versus specificity in the charge is a matter left to the sound discretion of the trial courts." Hardin, 50 F.3d at 1295.

Bosket first complains that the district court used the term "road stop" rather than "law enforcement's sweeping checkpoint" when giving an instruction on the proof required

5

concerning the date of the offense, which occurred at a traffic checkpoint. As noted by the Government, the Supreme Court has used a similar term, i.e., roadblock, when referring to traffic checkpoints. See City of Indianapolis v. Edmond, 531 U.S. 32, 38 (2000). We find no plain error in the charge.

Bosket also complains about the district court's charge that the jury had to decide whether the Government had proven beyond a reasonable doubt that he "tossed the pistol in evidence to the ground while he was running away from" police, contending it implied he possessed the firearm and corroborated the account of Government witnesses. The district court had explained that Bosket's mere presence was insufficient to prove he possessed the firearm, and its charge concerning what the Government must prove was not confusing or misleading. Finally, Bosket contends that the district court's errors were cumulatively prejudicial. Because we find no plain error, we conclude Bosket cannot show any prejudice.

We therefore affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

6