**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-6678**

UNITED STATES OF AMERICA,

         Plaintiff – Appellee,

    v.

DEMANI JAWARA BOSKET,

         Defendant – Appellant.

Appeal from the United States District Court for the District of South Carolina, at Anderson.  G. Ross Anderson, Jr., Senior District Judge.  (8:07-cr-01362-GRA-1; 8:10-cv-70154-GRA)

Submitted:  December 15, 2010      Decided:  January 18, 2011

Before NIEMEYER, SHEDD, and AGEE, Circuit Judges.

Vacated and remanded by unpublished per curiam opinion.

Demani Jawara Bosket, Appellant Pro Se.  Alan Lance Crick, Assistant United States Attorney, Greenville, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Demani Jawara Bosket appeals the district court's order denying relief on his post-judgment motion to dismiss indictment for lack of jurisdiction that the district court recharacterized as a motion under 28 U.S.C. § 2255 (2006). We vacate the order and remand for further proceedings.

Bosket was convicted after a jury trial of possessing a firearm and ammunition after having been convicted of a felony, in violation of 18 U.S.C. § 922(g)(1) (2006), and the district court sentenced him to 96 months in prison and three years of supervised release. Bosket appealed, and we affirmed on December 15, 2009. See United States v. Bosket, 356 F. App'x 648 (4th Cir. 2009). Bosket did not petition for certiorari in the Supreme Court. His conviction therefore became final on March 15, 2010, and he had until March 15, 2011, to file a § 2255 motion. See Clay v. United States, 537 U.S. 522, 527 (2003).

On January 21, 2010, Bosket filed his pro se motion to dismiss indictment for lack of jurisdiction. On January 26, 2010, the district court notified Bosket of its intention to treat his motion as a § 2255 motion unless he informed the court that he did not wish the matter to be treated as a § 2255 motion within twenty days "plus three days for mail time." If Bosket did object, the district court stated that it would rule on the

2

motion as styled.  Twenty days after the order was entered was Monday, February 15, 2010, a federal holiday; and twenty-three days after the order was entered was February 18, 2010.  In Bosket's response dated February 10, 2010, post-marked February 12, 2010, and filed by the district court on February 16, 2010, he stated that he "would not like for the courts to construe" his motion as a § 2255 motion, and that in the future, he would submit a proper § 2255 motion before the time expired.

On February 17, 2010, the district court issued an order stating that Bosket had filed no objections and the court therefore construed his motion as one filed under § 2255.  The court ordered the Government to respond to the recharacterized motion, and it did so, moving for summary judgment on the merits of the claims raised in the initial motion.  In his response to the motion for summary judgment, Bosket both provided argument as to his original motion and attached a revised § 2255 motion raising additional claims he wanted to assert under § 2255.  In its final order, the district court denied relief on the original claims without addressing the additional claims.

In United States v. Emmanuel, 288 F.3d 644, 649 (4th Cir. 2002), we held that a district court must notify a prisoner if it intends to recharacterize his motion as the movant's first § 2255 motion.  If the prisoner fails to respond within the time set by the district court, the court may proceed with the

3

recharacterization. If the movant agrees to recharacterization, the court should permit amendments to the motion. If, however, the movant objects to recharacterization, the court should not treat the motion as a § 2255 motion but shall rule on the merits of the motion as filed. Similarly, in Castro v. United States, 540 U.S. 375, 377, 383 (2003), the Supreme Court held that a pro se litigant must be warned before recharacterization of his motion as his first § 2255 motion, and the district court must furthermore "provide the litigant an opportunity to withdraw the motion or to amend it so that it contains all the § 2255 claims he believes he has." Here, the district court erred by treating Bosket's motion as a § 2255 motion after he timely objected.

Accordingly, we vacate the district court's order and remand for further proceedings. On remand, the district court should provide Bosket an opportunity to either proceed with his original motion as styled, or to accept recharacterization and amend his motion so that it contains all the § 2255 claims he believes he has. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

VACATED AND REMANDED

4